Jane Greer **KELLY**, Appellant,

v.

Agnes J. Reeves **GREER** et al., Appellees.

No. 21513.

United States Court of Appeals
Fifth Circuit.
Dec. 9, 1965.

William H. Arkin, New York City, for appellant.

Warren E. Hall, Jr., Bartow, Fla., Harry W. Stewart, Jr., John S. Call, Jr., Stewart, Van Der Hulse & Call, West Palm Beach, Fla., Holland, Bevis, Smith, Kibler & Hall, Bartow, Fla., for appellees.

Before BROWN, WISDOM and THORNBERRY, Circuit Judges.

THORNBERRY, Circuit Judge:

This appeal is taken from an order quashing a writ of assistance in the United States District Court for the Southern District of Florida. The writ of assistance was issued by a deputy clerk pursuant to an application by appellant. The application recited that a "consent judgment" had been entered in the United States District Court for the Western District of Pennsylvania, and that this "consent judgment" called for the dismissal of an action between the parties pending in a Florida Circuit Court. The application further stated that appellee

Greer had refused to comply with the terms of the "judgment". The application was made pursuant to 28 U.S.C. 1963.

We hold that there was no judgment upon which the writ of assistance could issue, and therefore affirm the order of the District Court.

The initial question to be determined is whether the order quashing the writ is an appealable order. We hold that the order constitutes a "final decision" within the meaning of 28 U.S.C. § 1291, and is therefore appealable. The order is somewhat analogous to an order granting a motion to quash service, which has been held to be final and appealable in numerous cases. See Cook v. Bostitch, Inc., 2d Cir. 1964, 328 F.2d 1; Edwin Raphael Company v. Maharam Fabrics Corp., 7th Cir. 1960, 283 F.2d 310; Butler v. Ungerleider, 2d Cir. 1951, 187 F.2d 238. Furthermore, the Supreme Court has recently stated that a "final decision" within the meaning of § 1291 "does not necessarily mean the last order possible to be made in a case," and that the requirement of finality is to be given a "practical rather than a technical construction." Gillespie v. United States Steel Corp., 1964, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199.

We thus pass to the question of whether there was a judgment entitled to registration under 28 U.S.C. § 1963. The "judgment" upon which the writ was issued consisted of the following documents:

1. A twelve-page unsigned document entitled "Stipulation and Agreement," which provided in part that an action between the parties pending in the Fifteenth Judicial Circuit of the State of Florida would be dismissed with prejudice.

2. A stipulation of dismissal in one of the cases in the U. S. District Court for the Western District of Pennsylvania (Civil No. 61–131), together with an order of dismissal in that case signed by District Judge Herbert P. Sorg, dated January 22, 1963.

3. A stipulation of dismissal in another case in the Pennsylvania District Court (Civil No. 18265), together with an order of dismissal in that case also signed by Judge Sorg, and also dated January 22, 1963.

These three documents were presented to the clerk of the U. S. District Court for the Southern District of Florida as a "consent judgment," and were bound under one blue cover. The writ of assistance was issued on February 3, 1964, and on February 11, 1964, appellant was placed in possession of the property described in the writ. On March 3, 1964, appellee Greer filed a motion to vacate the writ of assistance. Appellee Greer also moved to quash the registration of the "judgment" and to expunge the same from the record. On March 5, 1964, the Florida District Court entered the order appealed from, and in the order directed that the writ be rescinded and that the property affected thereby be returned to its prior status. On April 8, 1964, the Florida District Court denied appellant's motion for restoration of writ of assistance pending appeal, declared the registration of the "judgment" to be void *ab initio,* ordered that the registration of the "judgment" be quashed, *nunc pro tunc,* and further ordered that the documents which constituted the "judgment" be expunged from the record. (This latter order produced difficulty when this case was considered by this Court. Having been expunged, the documents were not made a part of the printed record on appeal, and it was necessary that the documents be produced as an appendix to the brief of one of the parties.)

■■■ There is no doubt that an order of dismissal may incorporate the terms of a settlement agreement between the parties and thereby constitute a consent judgment entitled to registration under 28 U.S.C.A. § 1963. But under the circumstances of this case, it is unnecessary for us to decide whether the three documents upon which the writ was issued ever constituted a judgment. Because of subsequent developments in the Third Circuit, these documents did not at the time of filing with the District Court below (February 3, 1964) and do not *now* constitute a consent judgment upon which a writ of assistance may properly issue.

Subsequent to Judge Sorg's January 22, 1963 dismissal orders, appellant became dissatisfied with appellee's performance under the so-called settlement agreement and on March 11, 1963, *herself* moved to vacate the prior dismissal of her two Pennsylvania actions. Judge Sorg on November 13, 1963, denied this motion and appellant appealed this denial. In Kelly v. Greer, 3rd Cir. 1964, 334 F.2d 434, reversing Judge Sorg, the Third Circuit directed that he vacate his order of dismissal and that he reinstate the two Pennsylvania cases "to the status quo existing immediately prior to the entry of the orders of dismissal, i. e., following the reading into the record of the settlement agreement but prior to the orders dismissing the actions." The Court of Appeals therefore in effect agreed with our appellant that the dismissal orders are to be no longer effective. Accordingly, on remand the orders of dismissal (which form the basis of the alleged "consent judgment" herein) were vacated. As further demonstration that at best there is much doubt on the scope of the asserted incorporation into the consent judgment, the District Judge on remand also refused to incorporate the so-called settlement agreement into a consent judgment, which refusal is now on appeal by appellant to the Third Circuit.

In this confused state of things, all that is clear is that there is not now a "judgment" upon which a writ of assistance may issue. At appellant's own behest the dismissal upon which she attempted to obtain a writ of assistance has been vacated. We thus affirm the Florida District Court's order quashing the writ of assistance. But our affirmance is without prejudice to appellant's right to obtain such a writ in the future, if and when she obtains in her Third Circuit litigation a final judgment affecting the property in Florida.

Affirmed.