Andy LOWE, Appellant,

v.

TEXAS TECH UNIVERSITY, Appellee.

No. 5476.

Court of Civil Appeals of Texas, Waco.

Nov. 20, 1975.

Rehearing Denied Dec. 11, 1975.

Garner, Vickers, Purdom & Nelson, Lubbock, Spillman & Spillman (Paul Spillman), Wellington, for appellant.

John L. Hill, Atty. Gen., David M. Kendall, 1st Asst. Atty. Gen., Austin, for appellee.

## OPINION

JAMES, Justice.

This is a case involving the Texas Tort Claims Act. Plaintiff-Appellant Andy Lowe sued Defendant-Appellee Texas Tech University for damages for personal injuries allegedly incurred by Plaintiff while playing football for the University. The Defendant University filed "pleas to the Jurisdiction and in Abatement" asserting that the "allegations in Plaintiff's Petition fail to bring him within the coverage of the Texas Tort Claims Act" (Article 6252–19, Vernon's Texas Civil Statutes). Thereupon, Plaintiff filed his First Amended Original Petition. Thereafter, the trial court after hearing sustained the Defendant's above described plea in abatement and to the jurisdiction and dismissed and abated Plaintiff's cause of action. We affirm.

Plaintiff alleged in his First Amended Original Petition, among other things, that in the year 1972 and prior thereto, he was a student at the Defendant University and was actively engaged in the athletic program of the University; that prior to the year 1972 he received an injury to his left knee while playing football for the Defendant on the varsity team; and that on September 16, 1972, while playing football in behalf of Defendant University, he received an additional injury to his left knee which is the subject matter of the damages sued for. Plaintiff alleged seven specific grounds of negligence against Defendant, three of which (same being Nos. 1, 2 and 5) he contends bring his case under the Tort Claims Act, Article 6252–19. Said grounds of negligence numbers 1, 2 and 5 are alleged as follows:

"(1) In failing to furnish proper equipment, braces and/or supporting devices to Plaintiff;

"(2) In failing to permit Plaintiff to wear proper equipment, braces and supporting devices available;

. . . . .

"(5) In furnishing equipment, uniforms, and pads which were defective."

The pertinent portion of the Texas Tort Claims Act is found in Section 3 of Article 6252–19, which reads as follows:

"Sec. 3. Each unit of government in the state shall be liable for money damages for personal injuries * * * so *caused from some condition or some use of tangible property,* real or personal under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state. * * *." (emphasis supplied).

Plaintiff-Appellant's first point of error asserts the trial court erred in dismissing Plaintiff's cause of action because he says the Plaintiff's injury involved the use of tangible property by Defendant's employees, making Defendant liable under Section 3 of Article 6252–19. In this connection, Appellant contends:

"In the instant case, Defendant's employee provided Plaintiff with equipment and a uniform but failed to provide protection for

Plaintiff's knee. The employee had tape available with which to wrap Plaintiff's knee and had often done so since Plaintiff's prior injury. However, on the day of Plaintiff's subsequent injury, the employee negligently failed to use the tape that was available to protect Plaintiff's knee. In furnishing Plaintiff with a uniform and pads without additional protection for his injured knee, the employee provided him with defective equipment. This constituted a negligent or wrongful omission involving the 'use of tangible property' within the meaning of Section 3 of the Texas Tort Claims Act." We overrule this point.

As we understand the above-quoted portion of Section 3, for the Plaintiff's cause of action to fall within the statute and thereby avoid governmental immunity, the personal injuries must have been proximately caused *from some condition or some use of tangible property.* The gist of Plaintiff's alleged grounds of Defendant's negligence are based upon Defendant's failure to use tape to protect his injured knee. As we understand Plaintiff's contention, he is not asserting that any of the equipment, uniforms and pads furnished him were defective, but that Defendant was negligent in failing to use tape to furnish additional protection for his knee.

We believe Plaintiff's cause of action falls into the category of being based upon "an error of judgment" on the part of Defendant's employee in failing to use the tape, rather than upon "some condition or some use of tangible property," in which event the Texas Tort Claims Act is not applicable, and sovereign immunity is not waived. *Beggs v. Texas Department of Mental Health and Mental Retardation* (San Antonio Tex.Civ.App.1973) 496 S.W.2d 252, writ refused. Or Plaintiff's cause of action, might be characterized as one wherein the Defendant failed to furnish proper medical care, rather than one wherein the injuries were caused from the condition or use of tangible property. See *Texas Department of Corrections v. Herring* (Tex. 1974) 513 S.W.2d 6.

■ In short, we do not believe that Defendant's "failure to use tape" on Plaintiff's knee is the type of negligent conduct includable in the language of the statute requiring that Plaintiff's injuries be "caused from some condition or some use of tangible property." In other words, we cannot say that by Defendant's failure to use tape, that Plaintiff's injuries were thereby caused by "some use of tangible property." For these reasons, we hold that Plaintiff's amended petition failed to state a cause of action under the Texas Tort Claims Act.

Appellant's second point of error contends that the Athletic Department of Texas Tech University was engaged in proprietary, non-governmental activities and for this reason Defendant is not protected by governmental immunity. We overrule this contention.

■ In the absence of a constitutional or statutory provision therefor, the state is not liable for the torts of its officers or agents. *Texas Highway Department v. Weber* (1949) 147 Tex. 628, 219 S.W.2d 70.

■ It has been held that a state agency, such as Texas Tech University, has sovereign immunity and is not liable for the negligence of its agents or employees unless such immunity has been waived and legislative consent has been given to sue the state agency. *Texas Technological College v. Fry* (Amarillo Tex.Civ.App.1954) 278 S.W.2d 480, no writ history; *Walsh v. University of Texas* (El Paso Tex.Civ.App.1942) 169 S.W.2d 933, writ refused. The doctrine of sovereign immunity is still the law in Texas insofar as applied to a state agency such as this Defendant is concerned, except for the limited waiver of governmental immunity created by the Texas Tort Claims Act.

■ Appellant's third point of error attacks the doctrine of governmental immunity in principle, and says it should be abolished. We overrule this point by saying that this is not a decision which this court

could or should properly make, but rather is one to be addressed to our Supreme Court for determination. See *Beggs v. Texas Department of Mental Health and Mental Retardation* (San Antonio Tex.Civ.App. 1973) 496 S.W.2d 252, writ refused.

Appellant's fourth point of error asserts the trial court erred in granting Defendant's motion to strike Plaintiff's request for admissions and interrogatories.

After Defendant had filed its answer, Plaintiff caused to be served upon the Defendant University its "Requests for Admissions and Interrogatories," which request recited that it was made under the provisions of Rules 168, 169, and 170, Texas Rules of Civil Procedure, and which included 43 Requests for Admissions and 33 Interrogatories.

In response thereto, the Defendant filed its "Motion to Strike Request for Admissions and Interrogatories," relying upon Article 4411, Vernon's Texas Civil Statutes, which provides:

"No admission, agreement or waiver, made by the Attorney General, in any action or suit in which the State is a party, shall prejudice the rights of the State."

The trial court sustained Defendant's motion to strike and consequently the Defendant was not required to answer the interrogatories or deal with the requests for admissions.

■ The trial court's sustaining of the motion to strike, insofar as it applied to the written interrogatories submitted under Rule 168, Texas Rules of Civil Procedure, was error. *Texas Department of Corrections v. Herring* (Tex.1974) 513 S.W.2d 6. However, we believe that such error was harmless under Rule 434, Texas Rules of Civil Procedure, because we have carefully examined these 33 interrogatories and have determined that if each and all were answered in a manner favorable to Plaintiff, that Defendant would still not be liable because of its status under the doctrine of governmental immunity.

To the contrary, the trial court's sustaining Defendant's motion to strike the requests for admissions under Rule 169 was proper. Rule 169 provides in part:

■ "Any matter admitted under this rule is conclusively established as to the party making the admission unless the court on motion permits withdrawal or amendment of the admission." The clear purpose of Rule 169 is to furnish a means whereby the requesting party may secure or exact admissions of fact from an opposing party. Had the trial court required the Attorney General (here representing the Defendant) to answer the requests for admissions, the Attorney General could not have complied without running afoul of Article 4411, hereinabove quoted.

For all the reasons hereinabove stated, judgment of the trial court is affirmed.

Affirmed.