Rodney SULLIVAN, Appellant,

v.

TAB SALES COMPANY, Appellee.

No. 8617.

Court of Civil Appeals of Texas,
Texarkana.

Dec. 27, 1978.

Toby R. Goodman, Remingtom & Goodman, Arlington, for appellant.

Ted Gialoretto, TAB Sales Co., Des Plaines, for appellee.

RAY, Justice.

This is an appeal from an order sustaining the special appearance of Tab Sales Company. Rodney Sullivan, appellant (plaintiff), brought suit against Rod Paul and appellee (defendant), Tab Sales Company (Tab Sales), alleging breach of contract, fraud, misrepresentations and violations of the Texas Deceptive Trade Practices Act. Tab Sales Company filed its special appearance pursuant to Tex.R.Civ.P. 120a, contesting the long-arm jurisdiction of Texas. The trial court sustained the special appearance and dismissed the cause of action against Tab Sales for want of jurisdiction. Rod Paul is not a party to this appeal. Rodney Sullivan has attempted to perfect his appeal and submits two points of error for our consideration.

The record indicates that Rod Paul is a resident defendant and that Tab Sales Company is a non-resident defendant. Appellant attempted to get in personam jurisdiction over Tab Sales under Tex.Rev.Civ.Stat. Ann. art. 2031b, one of the Texas long-arm statutes. Appellant alleged that Tab Sales Company and Rod Paul had made material misrepresentations of fact to him concerning a product known as "Rain-X" and that he had suffered damages as a result of the fraud perpetrated upon him by Rod Paul and appellee. Tab Sales entered its special appearance which was sustained by the trial court and Tab Sales was dismissed as not being amenable to the jurisdiction of the Texas courts. However, the court did not enter an order severing that portion of the suit asserted against Tab Sales Company.

We have examined the record in this case and have determined that the order sustaining the special appearance is interlocutory in nature and not appealable because it was not severed pursuant to Tex.R.Civ.P. 41.

In 4 McDonald's, Texas Civil Practice, Sec. 17.04, p. 44, it is stated:

"A judgment which, without a formal order of severance, fails to dispose of all parties and issues is interlocutory and not appealable. This has been applied when the judgment dealt with separate and severable causes of action; a counterclaim; a third-party claim; some but not all issues of a claim or defense; or a claim as against some but not all defendants. Such an interlocutory order becomes final, and there is an appealable final judgment, when in a subsequent order the court disposes of the remaining parties or issues. Earlier decisions sustaining some appeals on the theory of an

implied severance received the specific disapproval of the Supreme Court: 'The confusion and uncertainty involved in the application of such a rule outweigh any advantages which might result therefrom.'"

See *Pierce v. Reynolds*, 160 Tex. 198, 329 S.W.2d 76 (1959); *Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company*, 159 Tex. 550, 324 S.W.2d 200 (1959); Thode, *In Personam Jurisdiction; Article 2031B, The Texas "Long Arm" Jurisdiction Statute; And The Appearance To Challenge Jurisdiction In Texas And Elsewhere*, 42 Texas L.Rev. 279, 331 (1964).

This Court has determined that the order sustaining the special appearance of Tab Sales Company is interlocutory in nature and not subject to appeal because the trial court has not disposed of all issues and all parties such that a final decree has been entered effectively disposing of the case. Appellant's appeal is dismissed for want of jurisdiction.