**TEXAS DEPARTMENT OF HEALTH et al., Appellants,**

v.

**Frank HEJL, Appellee.**

No. 13165.

Court of Civil Appeals of Texas, Austin.

Oct. 8, 1980.

Mark White, Atty. Gen., Lonny F. Zwinener, Barbara C. Marquardt, Asst. Attys. Gen., Austin, for appellants.

Mark Perlmutter, Hilgers, Watkins & Hays, Austin, for appellee.

SHANNON, Justice.

This is an appeal from a temporary injunction order entered by the district court of Travis County.

Appellee Frank Hejl sued appellants Texas Department of Health and certain officials of the Department asserting that appellants planned to demote him, effective August 1, 1979, from his position as Personnel Director to a "Planner Four" position in retaliation for his cooperation with a fellow employee in filing a sex discrimination employment claim against the Department. Hejl's petition claimed appellants' action was violative of rights guaranteed by both the Constitutions of Texas and the United States.

Prior to August 1, 1979, Hejl obtained a temporary restraining order prohibiting appellants from "demoting, transferring, or otherwise changing [Hejl's] present employment status or position as Personnel Director with the Texas Department of Health." The restraining order was later extended by agreement until, in effect, the district court ruled upon Hejl's application for temporary injunction.

On August 15, 1979, appellants filed a petition for removal of the suit to the United States District Court for the Western District, Austin Division. The United States District Court remanded several of the alleged causes of action to the district court of Travis County, but removed the remaining alleged causes pending further orders of that court.

Appellants, irrespective of the restraining order, moved Hejl, on August 27, 1979, from Personnel Director to the position of "Planner Four."

After hearing, and on October 30, 1979, the district court of Travis County, signed a temporary injunction ordering appellants to reinstate Hejl as the Personnel Director of the Department. It is from that order that appellants have taken an appeal to this Court.

■ A threshold problem is raised by Hejl's motion to dismiss the appeal for lack of jurisdiction for the reason that the appeal had become moot. The basis for the motion is founded upon facts stated in an affidavit properly sworn to and attached to the motion showing that appellants reinstated Hejl as Personnel Director pursuant to the injunctive order. He served in such capacity until "fired" by appellants on January 16, 1980.

In response to the motion to dismiss, appellants point out that because Hejl may prevail in the trial on the merits, he could be entitled, in such event, to attorney's fees pursuant to 42 U.S.C. § 1988 (1979). Upon that premise, appellants insist that the appeal of the order of temporary injunction is not moot. Appellants' position is not meritorious.

Appellants permanently terminated Hejl as Personnel Director on January 16, 1980, which termination mooted their appeal of the temporary injunction of October 30, 1979, ordering appellants to reinstate Hejl as Personnel Director. Even so, appellants' counsel in oral argument suggested that an opinion from this Court could be helpful as a guide to her clients in future disputes between the agency and its employees.

To write on appellants' appeal of the temporary injunction, under these facts, would constitute nothing more than an advisory opinion by this Court on an abstract question of law. The Supreme Court has repeatedly held that Article V, § 8 of the Constitution of Texas prohibits the rendition of advisory opinions. *Firemen's Ins. Co. of Newark, New Jersey v. Burch,* 442 S.W.2d 331 (Tex.1968); *United Services Life Insurance Co. v. Delaney,* 396 S.W.2d 855 (Tex.1965); *California Products, Inc. v. Purtex Lemon Juice, Inc.,* 160 Tex. 586, 334 S.W.2d 780 (1960); *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641 (1933).

■ The possibility that Hejl may, or may not, recover attorney's fees upon trial of the merits does not prevent the appeal of the injunction from being moot. The matter of attorney's fees recoverable pursuant to § 1988 is a matter yet to be determined when, and if, the case is tried on the merits. Courts are not empowered to decide cases predicated upon future contingencies. *See: Texas Federation of Labor v. Brown & Root,* 233 S.W.2d 622 (Tex.Civ.App.1950, writ ref'd).

When there is an appeal from an order granting a temporary injunction and that phase of the case has become moot on appeal, the general rule that previous orders are set aside by thē appellate court applies, and the appeal of the temporary injunction will be dismissed, leaving the case on the merits still pending. *Texas Foundries Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1952).

Hejl's motion to dismiss for lack of jurisdiction is granted. All orders pertaining to the temporary injunction are set aside and the appeal of the temporary injunction is dismissed, leaving, however, the case on the merits still pending.

Dismissed for Want of Jurisdiction on Appellee's Motion.