**Willard YOUNG et al., Plaintiffs,**

v.

**The STATE OF TEXAS, Defendant.**

**Civ. A. No. H–80–1654.**

United States District Court, S. D. Texas, Houston Division.

Feb. 2, 1981.

M. Jack Tabor, Houston, Tex., for plaintiffs.

Lonny Zwiener Asst. Atty. Gen., Austin, Tex., Mark White, Atty. Gen., Austin, Tex., for defendant.

## MEMORANDUM AND ORDER:

NORMAN W. BLACK, District Judge.

This is an employment discrimination case predicated on alleged constitutional deficiencies in Tex.Rev.Civ.Stat.Ann. art. 6252–11 (Vernon's 1970), the Position Classification Act of 1961, which provides that specified full-time state employee salaries shall be structured in accordance with the Act. The Act exempts certain classes of persons and defers from its provisions certain non-academic employees in state colleges and universities. Plaintiffs are non-academic employees of the State's higher education system; they allege that they receive unequal compensation for their work in that salaries vary for the same position from campus to campus. They have brought this suit in the form of a class action pursuant to Fed.R.Civ.P. 23. This court's jurisdiction is predicated on 42 U.S.C. § 1983 (Supp.1980), which provides a civil remedy for deprivation of rights by any person operating under color of state law. Additional jurisdictional support is sought under the Fifth and Fourteenth Amendments of the United States Constitution.

The gist of Plaintiffs' first amended complaint is that their exclusion from the salary classification scheme has resulted in their receiving less pay than other similarly situated state employees, in derogation of their Fifth and Fourteenth Amendment right to equal protection and due process. They also assert similar rights under Article I, Section Three of the Texas Constitution.

The discrimination allegation (42 U.S.C. § 1983) is based on an allegation that the named plaintiffs, as well as most members of the class of "non-academic employees of the state university system," are either Black or Mexican-American.

The assumption is that there is no rational basis or permissible state purpose for excluding the employees of the stated class from what is presumably a preferential salary classification scheme. Plaintiffs assert that they are representatives of the class of "non-academic employees" and that it would be impractical to join all members of the class as parties in this. case. Plaintiffs submit that each member of the class has an identical cause of action against the State and that the instant claims are typical of those of the entire class. They state that this litigation would be dispositive of the claims of all members of the class and pray for the following relief: (1) that judgment be rendered against the State of Texas "for that sum of money required in each case to provide equal protection under the law plus an additional twenty percent as attorney's fees," and (2) a declaratory judgment that Article 6252–11 is unconstitutional under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section Three of the Texas Constitution.

Pending before this Court is Defendant's Motion to Dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b).

The State makes the contention, based on the Eleventh Amendment to the United States Constitution, that sovereign immunity is a bar to this Court's jurisdiction. In support of its position the State relies primarily on *Edelman v. Jordon*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1976) and its companion case *Quern v. Jordon*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

■ *Edelman* stands for the proposition that a suit in federal court by private parties seeking to impose a liability which must be paid from public funds is barred by the Eleventh Amendment. The *Edelman* Court also held that relief in such cases could only be prospective in form [citing *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)]. It was noted in both *Jordon* and *Quern* that § 1983 does not evince Congressional intent to do away with all vestiges of sovereign immunity in Civil Rights Cases: "Section 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States." *Quern, supra*, 440 U.S. at 345, 99 S.Ct. at 1147. This does not mean that § 1983 is without relevance to private actions against the State, but it does indicate that the plaintiff must make a very clear showing of statutory authority in order to overcome the presumption of Eleventh Amendment sovereignty. See, *Employees v. Missouri Public Health Dept.*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973) [superseded by statute, see *Thomas v. Louisiana*, 534 F.2d 613 (5th Cir. 1976)]; *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), rehearing denied, 439 U.S. 1122, 99 S.Ct. 1035, 59 L.Ed.2d 83 (1979); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1978); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). *Fitzpatrick* and *Hutto* are especially instructive because there the Court found the necessary *intent* to abrogate Eleventh Amendment rights.

■ The case under consideration runs squarely into the *Edelman* line of authority; in this Court's opinion that confrontation is fatal to plaintiff's cause. This is a suit for retrospective relief and a declaratory judgment—the former is barred by *Edelman, supra,* and the latter is traditionally granted only sparingly, upon a showing of great need and when there is an immediate controversy of sufficient import. 28 U.S.C.

§ 2201; *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974).

As noted in *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1975), a case involving construction of the Commerce Clause but which contains language particularly appropriate here: "one undoubted attribute of state sovereignty is the State's power to determine the wages which shall be paid to those whom they employ in order to carry out their governmental functions..."

In light of the foregoing, Defendant's Motion to Dismiss is GRANTED. Because of the disposition made herein the other issues raised by Defendant are not reached.

The Clerk of Court will record this Order and see that all parties receive a copy thereof.