**CESSNA AIRCRAFT COMPANY,
Appellant,**

v.

**HOTTON AVIATION COMPANY,
INC., Appellee.**

**No. 5660.**

Court of Civil Appeals of Texas,
Eastland.

July 30, 1981.

Rehearing Denied Aug. 28, 1981.

David R. Cobb, Brian E. Cutbirth, Whitten, Haag, Cobb & Hacker, Abilene, for appellant.

J. Michael Colpoys, Kern, Wooley & Maloney, Irving, for appellee.

DICKENSON, Justice.

Cessna Aircraft Company has appealed the trial court's order which sustained a special appearance under Tex.R.Civ.P. 120a by Hotton Aviation Company, Inc. and which dismissed Cessna's third-party action for indemnity or contribution. Hotton moves to dismiss Cessna's appeal because there was no severance, and the trial court's order is interlocutory and, therefore, not appealable at this time. The appeal is dismissed.

Plaintiffs are the surviving widow and children of Lowell G. Perry, who was killed on March 25, 1977, when a Cessna airplane crashed on the Island of Martinique. Plaintiffs sued two defendants, Sierra Aero Company and Cessna Aircraft Company, alleging actual damages of $2,528,175.84 and seeking punitive damages in the sum of $5,000,000.00. Cessna Aircraft Company filed a third-party action against Hotton Aviation Company, Inc., seeking indemnity or contribution for alleged negligence in Hotton's maintenance and repair on the aircraft at Hotton's place of business in Tucson, Arizona.

The trial court sustained Hotton's special appearance under Tex.R.Civ.P. 120a and dismissed Cessna's third-party action without prejudice. There was no order of severance, and the order of April 9, 1981, does not dispose of all of the issues and parties to the lawsuit; therefore, it is interlocutory and not appealable. See 4 McDonald, Texas Civil Practice § 17.04 (Rev.1971) which states:

> A judgment which, without a formal order of severance, fails to dispose of all parties and issues is interlocutory and not appealable. This has been applied when the judgment dealt with separate and severable causes of action; a counterclaim; a third-party claim; some but not all issues of a claim or defense; or a claim as against some but not all defendants. Such an interlocutory order becomes final, and there is an appealable final judgment, when in a subsequent order the court disposes of the remaining parties or issues.

*Carpenter Body Works, Inc. v. McCulley,* 389 S.W.2d 331 (Tex.Civ.App.—Houston 1965, writ ref'd), *cert. den.* 382 U.S. 979, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966), discusses an attempted appeal from an order overruling the nonresident's special appearance. While the case is factually distinguishable, as our appellant complains of an order sustaining the nonresident's plea, we note the statement:

> (T)he order appealed from is purely interlocutory and there is no rule or statute authorizing an appeal from an order overruling a plea to the jurisdiction.

Rule 120a is silent as to appealability in such case but by strong implication it precludes an appeal.

*Sullivan v. Tab Sales Company,* 576 S.W.2d 137 (Tex.Civ.App.—Texarkana 1978, no writ), discussed a situation involving two defendants, a Texas resident and a nonresident whose plea to the jurisdiction was sustained. The Texarkana Court held that the order sustaining the special appearance was interlocutory in nature and not appealable since there was no severance. We think the same rule applies in this case, even though Hotton is a third-party defendant rather than a co-defendant.

We cannot agree with Cessna's argument that its claim against Hotton is not a severable claim because of the fact that it "could not stand on its own two feet without the aid of the Perrys' claim" and that, therefore, the order of dismissal should be classified as an appealable judgment. See *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76, at 78 (1959), which contains our Supreme Court's statement that:

> (W)e do not think the appealability of a judgment should be made to turn upon whether the action is severable.

Cessna cites *United States v. McWhirter,* 376 F.2d 102 (5th Cir. 1967), dealing with postjudgment discovery proceedings; *Kelly v. Greer,* 354 F.2d 209 (5th Cir. 1965), dealing with a writ of assistance which was quashed by the trial court in Florida, effectively disposing of all parties and issues which were before the court; and *Gillespie v. United States Steel Corporation,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), which concerned appealability of a federal lawsuit under 28 U.S.C.A. §§ 1291, 1292, stating: "It is impossible to devise a formula to resolve all marginal cases coming within what might well be called the 'twilight zone' of finality." *McWhirter* and *Kelly* are not pertinent to our problem; and unlike *Gillespie,* Texas law does give us a formula to resolve the problem: under Texas law the general rule is that a judgment is not final, for purposes of appeal, unless it disposes of all parties and all issues before the court. See, e. g., *North East Indepen-*

*dent School District v. Aldridge,* 400 S.W.2d 893, at 895 (Tex.1966). Since this case does not fall within an exception to the general rule (such as venue matters; granting or refusing an injunction; appointing a receiver or trustee; and certifying or refusing to certify a class action), the appeal must be dismissed.

The appeal is dismissed.