**TEXAS DEPARTMENT OF HEALTH, et al., Appellant,**

v.

**Frank HEJL, Appellee.**

No. 13437.

Court of Appeals of Texas, Austin.

June 23, 1982.

See also, 607 S.W.2d 34.

Mark White, Atty. Gen., Richard Arnett, Asst. Atty. Gen., Austin, for appellants.

Mark Perlmutter, Hilgers, Watkins & Kazen, Austin, for appellee.

PHILLIPS, Chief Justice.

This is an appeal from an award of attorneys' fees and court costs adjudged against appellant, Texas Department of Health, in an employment dispute prosecuted pursuant to the applicable versions of 42 U.S.C. § 1983 (1979) and § 1988 (1976). As the judgment fails to dispose of all the named defendants and does not fall within the ambit of any of the statutory exceptions to that prerequisite, it constitutes a non-appealable interlocutory order and the appeal is therefore dismissed.

Appellee Frank Hejl filed suit contesting his alleged demotion on July 31, 1979, following apprisal of his imminent transfer from the post of Director of Personnel of the Texas Department of Health to a "Planner IV" position. Several employees of the Texas Department of Health were named as party-defendants in their official and individual capacities together with the Department itself. A temporary restraining order was immediately granted prohibiting the transfer. This order expired by operation of law, August 9, 1979, but was treated by the defendants as still in force and effect on August 15, 1979 when they moved, in state court, to dissolve the temporary restraining order and petitioned the Austin division of the United States District Court for relief from the order and removal of the suit to federal court. The federal district court granted removal of Hejl's fourth and fifth causes of action, consisting of alleged violations of freedom of speech and breach of contract, and re-

manded causes one through three to state court. On the same day, the defendants answered by general denial and by claim of sovereign and qualified immunity, respectively. On August 17, 1979, the parties entered stipulations, in state court, which included an agreement the temporary restraining order would continue until ruled upon in federal court, or until a ruling upon the issuance of a temporary injunction was made in state court, or, at the outside limit, until August 24, 1979. The state court judge attempted to revive the expired order another ten days on August 20, 1979.

No further action on the temporary restraining order was taken and, on October 30, 1979, the state court judge entered an order based upon a hearing held September 17, 1979, in response to Hejl's application for a temporary injunction. Apparently, sometime between the August 9, 1979 expiration of the temporary restraining order and the September 17, 1979 temporary injunction hearing, the Texas Department of Health carried out its intended transfer of Hejl. The state court, through its order, required Hejl's reinstatement as of that day as personnel director but specifically refused to make any order concerning the actions of the Department from the October 30, 1979 order date forward. All named party-defendants appealed the order to this Court but said appeal was dismissed as moot, on Hejl's motion, October 8, 1980, and all orders of the lower court were set aside, as Hejl had been terminated by the Department of Health within the interim period.

Despite the fact the merits of the cause have never been reached, following remand, the state court entered judgment against the Texas Department of Health based upon plaintiff's federal (42 U.S.C. §§ 1983, 1988) claims for attorneys' fees.[1]

Although the Texas Department of Health, as a state agency, constitutes a governmental arm of the state, is entitled to claim the penumbra of sovereign immunity,[2] and does not appear to fit within the

1. In light of the anomaly of an award of a attorneys' fees in the apparent absence of disposition on the merits, which was alluded to in the prior opinion of this Court, *Texas Dept. of Health v. Hejl*, 607 S.W.2d 34 (Tex.Civ.App. 1980, no writ), it should be noted that under the version of 42 U.S.C. § 1988 applicable to this case, as under the present version, the trial court could, in its discretion, award attorneys' fees to the "prevailing party" in the § 1983 action. Claims made pursuant to § 1988 are atypical in that a court-rendered determination on the merits is not necessarily required in order for one to be adjudged a "prevailing party." *Chicano Police Officers' Ass'n v. Stover*, 624 F.2d 127 (10th Cir. 1980). A party may be "prevailing" if he achieves "substantial benefits" and the court may award attorneys fees if the basic objectives plaintiffs seek from the lawsuit have been accomplished or furthered in a significant way. *Bonnes v. Long*, 599 F.2d 1316 (4th Cir. 1979).

The legislative history of § 1988 states, "for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief." S.Rep.No. 1011, 94th Cong., 2d Sess. 5, *reprinted in* 1976 U.S.Code Cong. & Ad.News, 5908, 5912. In *Morrison v. Ayoob*, 627 F.2d 669 (3rd Cir. 1980), as in the instant case, suit was dismissed as moot but the plaintiff was still deemed "prevailing" for purposes of attorneys' fees. In the words of the *Morrison* court, "Because the de-

fendants stopped violating *Argersinger*, [*Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972)], the plaintiffs received precisely the relief they wanted. Moreover, the fact that the action was dismissed makes no difference. Under § 1988 the focus is on the relief received rather than any formal procedural labels." *Id.* at 671. *See Ramos v. Koebig*, 638 F.2d 838 (5th Cir.), *reh. denied*, 642 F.2d 1210 (1981); *Doe v. Marshall*, 622 F.2d 118 (5th Cir. 1980).

Whether appellee is, in fact, a "prevailing party," within the limits of § 1983 and § 1988, remains to be determined in the event an appealable judgment is presented to this Court for review. This opinion should not be read, in any respect, as approval or disapproval of the award of attorneys' fees.

2. *Bishop v. State*, 577 S.W.2d 377 (Tex.Civ. App.1979, no writ) [decided under Tex.Rev.Civ. Stat.Ann. art. 6252–19 (1970 & Supp.1981)]; *Lowe v. Texas Tech University*, 530 S.W.2d 337 (Tex.Civ.App.1975), *rev'd on other grounds*, 540 S.W.2d 297 (Tex.1976); *Laje v. R. E. Thomason General Hospital*, 665 F.2d 724 (5th Cir. 1982); *Laskaris v. Thornburgh*, 661 F.2d 23 (3rd Cir. 1981); *Rosenthal v. State*, 514 F.Supp. 907 (D.Nev.1981); *Young v. State*, 511 F.Supp. 169 (S.D.Tex.1981); *see generally Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) and *Edelmen v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) [establishing states' immunity to § 1983 suits under the Eleventh Amendment].

definition of "person" for purposes of 42 U.S.C. § 1983 liability,[3] its lack of responsibility for attorneys fees, or immunity therefrom, is not the controlling issue here as the individual defendants named in their personal and official capacities have yet to be dealt with by the trial court.[4]

Under Texas law, it is settled, with certain exceptions not presently applicable, a judgment is not final, for purposes of appeal, unless it disposes of all parties and issues before the court. *Pinchin v. Kinney*, 623 S.W.2d 783 (Tex.App.1981, no writ) [*citing Northeast Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966), *on remand*, 404 S.W.2d 655 (Tex.Civ.App.1966, writ ref'd n. r. e.)]. Although the order of October 30, 1979, granting judgment to appellee Hejl and against the Texas Department of Health, does not presume to dispose of the remaining party-defendants, no formal severance was ever had. Such judgment is not final within the meaning of Tex.Rev.Civ.Stat.Ann. art. 2249 (Supp. 1981), nor does it constitute an appealable interlocutory order under Tex.Rev.Civ.Stat. Ann. art. 2250 (Supp.1981). *Mahan v. Bost*, 577 S.W.2d 541 (Tex.Civ.App.1979, no writ); *see also Cessna Aircraft Co. v. Hotton Aviation Co.*, 620 S.W.2d 231 (Tex.Civ.App.1981, writ ref'd n. r. e.); *Sullivan v. Tab Sales Co.*, 576 S.W.2d 137 (Tex.Civ.App.1978, no writ). This Court is, therefore, without jurisdiction and the appeal is, consequently, dismissed.

3. 42 U.S.C. § 1983 (1979) provides, in relevant part, "[e]very *person* who, under color of any statute" deprives any person of a constitutionally secured right, privilege or immunity shall be subject to suit. (emphasis added). *See Holladay v. State*, 506 F.Supp. 1317 (D.Mont.1981); *Florida Businessmen for Free Enterprise v. State*, 499 F.Supp. 346 (N.D.Fla.1980); *Allah v. Commissioner of Department of Correctional Services*, 448 F.Supp. 1123 (N.D.N.Y.1978).

4. Indeed, even were an award made against the individual defendants, such would not necessarily finalize the judgment. The United States Supreme Court has held state officials enjoy a qualified common-law immunity from damage actions arising out of their official conduct. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683,

40 L.Ed.2d 90 (1974). The Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19 (1970 & Supp.1981), re-emphasizes, through section 15, the individual immunity of public officers, agents or employees from tort claims is to be preserved. A determination will have to be made whether those officials responsible for the transfer acted in good faith or bad and ministerially or discretionarily. Liability must also be addressed for each in terms of both his individual and official capacity. *See* Dodd, Liability of Texas Public Officials for their Tortious Acts, 16 Hous.L.Rev. 100 (1978); Dilg, Suits Against State Officials: Attorneys' fees and the Eleventh Amendment, 53 Texas L.Rev. 85 (1974).