956 F.2d 263
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Allen GOODEN, Plaintiff-Appellant,
v.
Tommy BAYSDEN, Individually and his successors in office,
Defendant-Appellee,
and
Town of Clarkton, NC, A municipal corporation; Linda
Revels; Steve Prince; Lawrence McDougald, Former
Commissioners, Town of Clarkton; Wade Tart; Roy Butler;
Cathy McEwen, Present Commissioners, Town of Clarkton; W A
Hall, Building Inspector, Town of Clarkton; RALPH SMITH,
Chief of Police, Town of Clarkton; Dan Meshaw, Mayor, Town
of Clarkton, Defendants.
 No. 90-2194.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 10, 1991.
Decided Feb. 28, 1992.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Franklin T. Dupree, Jr., Senior District Judge. (CA-87-56-7-CIV)
 Robert Allen Gooden, appellant pro se.
 Hoyt Gold Tessener, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 Before PHILLIPS, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Allen Gooden appeals the district court's affirmance of the magistrate judge's order quashing execution. We first examine the question of whether the order is final. Applying the rule articulated in Gillespie v. United States Steel Corp., 379 U.S. 148 (1964), we find that as a practical matter the order appealed from should be treated as final under 28 U.S.C. § 1291 (1988). See also Kelly v. Greer, 354 F.2d 209 (5th Cir.1965) (practical approach dictated that order quashing writ of execution be treated as final); 15 Charles A. Wright, et al., Federal Practice and Procedure § 3916, at 609 (1st ed. 1976 & Supp.1990) (appeal of orders quashing execution should be available unless closely related questions or proceedings remain pending).
 
 
 2
 Turning to the merits, we find that the magistrate judge appropriately quashed execution. Under North Carolina law, applicable pursuant to Fed.R.Civ.P. 69(a), an execution order expires ninety days after its issuance unless an execution sale has commenced. N.C.Gen.Stat. §§ 1-310, 1-339.48 (1983). No sale was begun in this case within ninety days, and the execution order expired. The district court correctly affirmed the magistrate judge's order.*
 
 
 3
 Accordingly, we affirm the district court's order quashing execution. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Gooden is not without a remedy. He may try to execute under a second order or proceed under N.C.Gen.Stat §§ 1-352 to 1-363 (1983 & Supp.1990), which provide for supplemental proceedings where execution is ineffective. See FDIC v. British-American Corp., 726 F.Supp. 622, 630-31 (E.D.N.C.1989); Atlantic Purchasers, Inc. v. Aircraft Sales, Inc., 101 F.R.D. 779 (W.D.N.C.1984)