

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN THE MATTER OF | § | No. 08-24-00002-CV |
| THE ESTATE OF NELIDA TORRES, | § | Appeal from |
| DECEASED. | § | Probate Court Number Two |
| | § | of El Paso County, Texas |
| | § | (TC# 2020CPR00379) |

## <u>MEMORANDUM OPINION</u>

In the underlying probate proceeding Appellant Dianna Torres Archibeque filed an application to probate the will of Nelida Torres, the decedent.[1] Nelida's brother, Francisco Torres, filed a contest to the will and a motion for summary judgment. After Mr. Torres died, his wife, Eugenia Torres, continued to prosecute the contest. Ms. Torres later filed an amended motion for summary judgment, which the probate court granted. Ms. Archibeque now appeals from the order granting the motion for summary judgment.

In three issues, Ms. Archibeque alleges the probate court erred in rendering summary judgment in favor of Ms. Torres because (1) there are genuine issues of material fact regarding

---

[1] For clarity's sake, we refer to the decedent by her first name, as multiple people in this case share the same last name. In doing so, we intend no disrespect.

whether the subscribing witnesses signed the will in Nelida's presence, (2) there are genuine issues of material fact regarding whether Nelida had testamentary capacity when she executed the will, and (3) the probate court abused its discretion by striking Ms. Archibeque's affidavit. Ms. Torres's appellee brief does not address the merits of Ms. Archibeque's arguments on appeal. Instead, she challenges this Court's jurisdiction over the appeal because the summary judgment order is not a final, appealable order. We agree with Ms. Torres and dismiss the appeal for lack of jurisdiction.

## I. BACKGROUND[2]

On January 30, 2020, an attorney went to Nelida's home to discuss drafting her will. Prior to that date, she had no will. The will was signed by Nelida and witnesses the next day. Nelida died on February 8, 2020. On March 10, 2020, Ms. Archibeque filed an application to probate Nelida's will. On May 14, 2020, the probate court signed an order admitting the will to probate and granting Letters Testamentary appointing Ms. Archibeque as independent executrix of Nelida's estate.

Mr. Torres filed a petition to contest the will. He later filed a motion for summary judgment to set aside and cancel the will, alleging Nelida did not possess testamentary capacity and the witnesses to the will did not sign their attestations in Nelida's presence. Ms. Archibeque responded raising allegations that there existed several genuine issues of material fact sufficient to defeat summary judgment.

---

[2] Because we conclude this appeal must be dismissed for lack of jurisdiction, we provide only an abbreviated background of the case. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

2

On October 13, 2022, Mr. Torres died and his wife continued to prosecute the will contest. Ms. Torres filed a second amended motion for summary judgment raising the same arguments as raised in her husband's motion and asking for a judgment (1) cancelling the purported January 31, 2020 will, (2) setting aside the order admitting the will to probate, and (3) awarding reasonable and necessary attorney's fees and court costs.

Ms. Archibeque filed a response to the second amended motion for summary judgment. On December 5, 2023, the probate court signed an order granting the second amended motion for summary judgment and stating in relevant part: "After considering the evidence and the arguments of counsel, the Court finds that such Motion is well taken and should be GRANTED. The issue of the Attorney's Fees will be taken up at a separate hearing." After Ms. Archibeque filed a notice of appeal and her appellant's brief, Ms. Torres filed an appellee's brief asserting the appeal should be dismissed for lack of jurisdiction. To date, the record has not been supplemented.

## II.  FINALITY OF SUMMARY JUDGMENT ORDER

As a threshold issue, we address whether we have jurisdiction over this appeal. *See In re Est. of Romo*, 469 S.W.3d 260, 262 (Tex. App.—El Paso 2015, no pet.) (holding court of appeals has an obligation to resolve jurisdictional issues before proceeding with merits of appeal). "Whether we have jurisdiction is a legal question, which we review de novo." *M. Garza Enters., Inc. v. Perez*, No. 08-23-00354-CV, 2024 WL 3189297, at *1 (Tex. App.—El Paso June 26, 2024, no pet.) (mem. op.). Ms. Torres asserts we lack jurisdiction because the order expressly refers to additional proceedings on the issue of attorney's fees that have not yet occurred, the order fails to resolve all claims by all parties, and the order lacks clear and unequivocal language of finality.

For this Court to have jurisdiction, the trial court's summary judgment order must be final, unless an exception applies. *Garcia v. Ramirez as Co-Tr. of Ramirez Min. Tr.*, No. 08-23-00117-

CV, 2024 WL 2801931, at *2 (Tex. App.—El Paso May 31, 2024, no pet.) (mem. op.). An order issued without a conventional trial on the merits is final for purposes of appeal if it (1) actually disposes of all claims and all parties before the court regardless of the language or (2) states with unmistakable clarity that it is a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93, 200 (Tex. 2001). An exception applies in probate cases because orders resolving certain discrete matters in probate cases may be final for purposes of appeal even though these orders do not dispose of all pending parties and claims. *See* Tex. Est. Code Ann. § 32.001(c) ("A final order issued by a probate court is appealable to the court of appeals."). This is so because a probate proceeding consists of a continuing series of events, in which the probate court makes decisions at various points during the administration of the estate upon which later decisions may be based. *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied). "The need to review controlling, intermediate decisions before an error can harm later phases of the proceeding has been held to justify modifying the 'one final judgment' rule." *Id.*

However, not all probate orders are appealable. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Determining whether attributes of finality exist sufficient to confer appellate jurisdiction over an order arising from a probate proceeding depends on whether the order resulted from the adjudication of a substantial right or disposed of all issues in a particular phase of the proceeding. *Id.* The test for determining finality of an order in probate appeals begins with the question of whether there is an express statute declaring the phase of the probate proceedings to be final and appealable. *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). If there is, that statute controls. *Id.* "Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Id.* A probate order may be

4

made final for appellate purposes by a severance order that meets the severance criteria. *Id.* ("A severance order avoids ambiguities regarding whether the matter is appealable.").

Here, there is no express statute declaring this phase of the probate proceedings to be final and appealable, and the summary judgment order "contains no indication of finality on its face—it does not state the order is final or appealable, include a Mother Hubbard clause, or state that it disposes of all claims and parties." *M. Garza Enters.*, 2024 WL 3189297, at *2 (noting same). The order clearly states, "[t]he issue of Attorney's Fees will be taken up at a separate hearing."

The record on appeal does not contain an order severing the determination of the validity of the will from the issue of attorney's fees. Nevertheless, Ms. Archibeque asserts the summary judgment order finally adjudicated the will contest and, therefore, expressed a clear intent that the order was final as to the will contest, but separating attorney's fees into a separate proceeding. She contends the request for attorney's fees can logically be considered part of the underlying probate proceeding and not part of the will contest.

Ms. Archibeque also asserts the summary judgment order implicitly indicates the probate court's intention to sever the will contest phase from the attorney's fees claim. According to Ms. Archibeque, the following language in the order "is, in and of itself, a severance of the attorney's fees claim from the will contest": "the issue of Attorney's Fees will be taken up at a separate hearing." Finally, she contends the conduct of the parties indicates the finality of the will contest phase and the probate court's intention to sever the attorney's fees claim.

The Texas Estates Code allows for the recovery of attorney's fees in certain situations. *In re Est. of Downing*, 461 S.W.3d 231, 243 (Tex. App.—El Paso 2015, no pet.); *see, e.g.*, Tex. Est. Code Ann. § 352.051(2) ("On proof satisfactory to the court, a personal representative of an estate is entitled to . . . reasonable attorney's fees necessarily incurred in connection with the proceedings

5

and management of the estate"); *id.* § 352.052(a), (b) (allowing an executor, administrator, or devisee of a will to recover "reasonable attorney's fees" for defending a will); *id.* § 352.052(c) (allowing recovery of "reasonable attorney's fees" by "[a]n interested person who, in good faith and with just cause, successfully prosecutes a proceeding to contest the validity of a will or alleged will offered for or admitted to probate"). These fees are not recoverable from the adverse party but rather "may be allowed out of the estate[.]" *Id.* at § 352.052(a)–(c); *see also Est. of Downing*, 461 S.W.3d at 243. Here, although Ms. Torres may be entitled to recovery of attorney's fees from the estate upon sufficient proof, those fees stem from her prosecution of the will contest and are therefore part of the will contest phase. *See* Tex. Est. Code Ann. § 352.052(c).

Next, Ms. Archibeque relies on *Rosin v. Berco & Leja Rosin Trust*, No. 04-08-00601-CV, 2009 WL 1956386, at *1 (Tex. App.—San Antonio July 8, 2009, pet. denied) (mem. op.) for her argument that the language in the summary judgment order constitutes an implicit severance. The *Rosin* case involved two sets of appellants appealing from two different orders. The first set was minors who appealed the trial court's grant of a motion in limine in a will contest case in which the trial court found that they lacked standing to contest their grandfather's will and dismissed their claims with prejudice accordingly. *Id.* The second set appealed the trial court's grant of summary judgment on the basis of limitations in their suit for an accounting of a trust and for damages. *Id.* The court dismissed the minors' claims with prejudice, and they did not appeal the order granting the motion in limine dismissing their claims until after summary judgment was rendered against the other appellants on May 7, 2008. *Id.*

After the minors filed their notice of appeal, the appellees filed a motion to dismiss the appeal as untimely arguing the July 13, 2007 order was their final, appealable order. *Id.* The minors responded that the July 13, 2007 order was an interlocutory order and, because there was no

6

severance, it did not become final until all parties and claims were disposed of on May 7, 2008, through the summary judgment. *Id.*

The court of appeals disagreed, concluding that the proceeding involving the minors related to their will contest and once the trial court found that they lacked standing to bring the will contest, all issues in that phase of the proceeding had been disposed of by the trial court. *Id.* at *2. The court, therefore, held that the July 13, 2007 order granting the motion in limine was a final appealable order; because the minors' notice of appeal was untimely, the court granted the appellees' motion to dismiss the minors' appeal for lack of jurisdiction. *Id.* The court then noted that the appellees, in their motion to dismiss the appeal, requested fees and costs, arguing the minors' appeal was frivolous. *Id.* The court declined to assess fees and costs on this basis because the minors "apparently were acting under the assumption, albeit incorrect, that a severance was necessary in order to make the order of dismissal a final appealable judgment." *Id.*

Because the *Rosin* case involved appeals by two sets of appellants from two different orders at two different phases of the proceedings, Ms. Archibeque's reliance on this case is misplaced. *See In re Est. of Coleman*, 360 S.W.3d 606, 609–10 (Tex. App.—El Paso 2011, no pet.) (distinguishing *Rosin* and holding that by granting summary judgment on all of appellant's claims, "the court apparently eliminated all of the substantive challenges to the will and ended [her] role in the case[; however,] the summary judgment was not a final order because it left unresolved [the appellee's] requests to admit the will to probate, issue letters testamentary, and appoint him as executor"); *In re Est. of Crapps*, No. 04-23-00761-CV, 2023 WL 7006289, at *2 (Tex. App.—San Antonio Oct. 25, 2023, no pet.) (mem. op.) (citing to *Rosin* and holding, "Thus, an order that grants a motion to dismiss all of a plaintiff's will contest claims based on the plaintiff's lack of standing is not final and appealable simply because it determined that the plaintiff lacked standing; it is final

7

and appealable because the plaintiff's claims were dismissed, which disposed of the plaintiff's issues in the phase of the proceeding in which the motion to dismiss was brought.").

We also disagree with Ms. Archibeque's characterization of the language in the summary judgment order as an implied severance. Generally, a trial court has broad discretion to grant or refuse motions for severance or separate trial. Tex. R. Civ. P. 41 ("Any claim against a party may be severed and proceeded with separately."); *Dillon v. Rosalie Dahl Est. Tr.*, No. 14-01-01240-CV, 2003 WL 1565959, at *6 (Tex. App.—Houston [14th Dist.] Mar. 27, 2003, pet. denied) (mem. op.) ("The rules of civil procedure give the court the authority to decide whether to sever or abate."). Therefore, severance is not accomplished merely by implication. *See J.W. Pierce v. Reynolds*, 329 S.W.2d 76, 77 (1959) ("Even when all issues involved in an independent and severable cause of action are determined thereby, the order is not appealable unless a severance is granted by the trial court."); *Dillon*, 2003 WL 1565959, at *6 ("The court crossed out the entire paragraph, refusing to sever or to abate these claims. This decision—whether to sever and abate—was the court's to make."); *Khraish v. Hamed*, 762 S.W.2d 906, 913 n.2 (Tex. App.—Dallas 1988, writ denied) ("At least under current practice, implied severances are not recognized by the Texas courts."). Parties may request a severance, but severance will occur only on the court's approval or own motion. *Dillon*, 2003 WL 1565959, at *6; *Sullivan v. Tab Sales Co.*, 576 S.W.2d 137, 137–38 (Tex. Civ. App.—Texarkana 1978, no writ) (noting that a judgment without a formal order of severance does not dispose of all parties and issues, and is therefore interlocutory and not appealable). For these reasons, we do not construe the language in the summary judgment order as an implicit severance of the claim for attorney's fees.[3]

---

[3] Ms. Archibeque also argues the parties' conduct indicates the probate court's intention to sever the attorney's fees claim because nothing more has happened in the probate court. In her appellee's brief, Ms. Torres states the summary

Alternatively, Ms. Archibeque requests this Court to, in the interest of judicial economy and efficiency, enter a severance order. In support, she cites *In re Estate of Loveless*, in which the court of appeals concluded the judgment on appeal was interlocutory. 64 S.W.3d 564, 570 (Tex. App.—Texarkana 2001, no pet.). However, the court noted that "[n]either party has contested the finality of the judgment, and both sides contended at oral argument the judgment is final." *Id.* at 571. The court concluded that "[b]ecause this action meets the requirements for severance, . . . in the interest of judicial efficiency, we sever this action from the probate action in the County Court of Franklin County." *Id.* Here, the parties disagree about the finality of the judgment. We decline Ms. Archibeque's request to enter a severance order.

## III. CONCLUSION

We conclude the summary judgment order is interlocutory because it does not dispose of all parties or issues in a particular phase of the proceedings. *See In re Est. of Paul v. Bush*, No. 07-21-00077-CV, 2022 WL 35823, at *1 (Tex. App.—Amarillo Jan. 4, 2022, no pet.) (mem. op.) (concluding there was no final, appealable judgment because no statute declared trial court order denying objection to application for probate final and appealable, no indicia of finality conferred appellate jurisdiction in the present order, applicants' attorney's fees claim remained unresolved, and no statute permitted appeal of this interlocutory order); *In re Est. of Mendoza*, No. 04-18-00390-CV, 2018 WL 4096380, at *1 (Tex. App.—San Antonio Aug. 29, 2018, no pet.) (mem. op.) (concluding there was no final, appealable judgment because neither order resolved parties' respective claims for attorney's fees incurred in phase of the probate proceeding related to

---

judgment order "expressly calls for further proceedings" but, "[b]efore the additional proceedings took place, the Appellant brought this premature appeal." We cannot presume the parties' conduct indicates a severance.

determining beneficiaries of decedent's will, no order severed the partial summary judgment, and no statutory rule permitted immediate appeal from this type of order).

Therefore, as the trial court's summary judgment order is not a final, appealable judgment, and no constitutional or statutory grant of jurisdiction otherwise permits our review of the order, we dismiss the appeal for lack of jurisdiction.


LISA SOTO, Justice

September 26, 2024

Before Alley, C.J., Palafox and Soto, JJ.

10