John H. WITHERS, et al., Appellants,

v.

The COMMISSIONERS' COURT OF BANDERA COUNTY, Appellee.

No. 04–01–00322–CV.

Court of Appeals of Texas, San Antonio.

Feb. 13, 2002.

Rehearing Overruled March 19, 2002.

Christopher J. Weber, Law Office of Christopher J. Weber, San Antonio, for Appellant.

---

K.H. Schneider, County Attorney–Bandera County, Bandera, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

Opinion by PHIL HARDBERGER, Chief Justice.

The sole issue presented in this appeal is whether a petition for a tax rollback election is invalid if it does not include the birth dates of the signatories. Because the absence of the birth dates does not render the petition invalid, we reverse the trial court's order. The law should not prevent the voice of the people from being heard by the application of an empty technicality.

## BACKGROUND

The appellants filed a petition for writ of mandamus seeking to compel The Commissioners' Court of Bandera County (the "Commissioners' Court") to accept their petition for a tax rollback election. The cause was submitted to the trial court on stipulated facts.

A petition seeking a tax rollback election was submitted to the Commissioners' Court on December 14, 2000. The petition contained the requisite number of signatures. The petition also contained the printed name of the signatories, the signatories' addresses, and the signatories' voter registration numbers; however, the petition did not include the signatories' dates of birth. On or about December 28, 2000, the Commissioners' Court passed a resolution finding that the petition was invalid because it did not meet the requirements of section 277.002 of the Texas Election Code. No supplemental petition was filed. After a hearing, the trial court denied the appellants' request for mandamus relief.

## STANDARD OF REVIEW

A writ of mandamus will issue to compel a public official to perform a ministerial act. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex.1991); *Medina County Comm'rs Court v. Integrity Group, Inc.*, 21 S.W.3d 307, 309 (Tex. App.-San Antonio 1999, pet. denied). The appellants seek to challenge the trial court's denial of their petition for writ of mandamus. In denying the petition, the trial court stated, "I hold that there's not been compliance with the statute which is mandatory on date of birth." Therefore, the basis of the trial court's ruling is the trial court's conclusion that the statutory requirements for a petition seeking a tax rollback election are mandatory. Matters of statutory construction are legal questions that we review de novo. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex.2000); *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989); *Beldon Roofing & Remodeling Co. v. San Antonio Water System*, 898 S.W.2d 351, 353 (Tex.App.-San Antonio 1995, writ denied).

## DISCUSSION

The parties do not dispute that section 277.002 of the Texas Election Code governs the validity of the petition signatures. Section 277.002 of the Election Code states:

(a) For a petition signature to be valid, a petition *must:*

(1) *contain* in addition to the signature:

(A) the signer's printed name;

(B) *the signer's date of birth* and the signer's voter registration number and, if the territory from which signatures must be obtained is situated in more than one county, the county of registration;

(C) the signer's residence address; and

(D) the date of signing; and

(2) comply with any other applicable requirements prescribed by law.

TEX. ELEC.CODE ANN. § 277.002 (Vernon Supp.2001) (emphasis added). The signature is the only information that is required to appear on the petition in the signer's own handwriting. TEX. ELEC.CODE ANN. § 277.002(b) (Vernon Supp.2001). The omission of the state from the signer's residence address does not invalidate a signature unless the political subdivision from which the signature is obtained is situated in more than one state. TEX. ELEC.CODE ANN. § 277.002(d) (Vernon Supp.2001). The omission of the zip code from the address also does not invalidate a signature. *Id.*

The Commissioners' Court contends that the term "must" in subsection 277.002(a) should be strictly construed, making each of the items listed a mandatory requirement. The appellants argue that substantial compliance with the petition requirements set forth in subsection 277.002(a) is sufficient.

"It is a cardinal rule of statutory construction that we are to give effect to the intent of the Legislature." *Fleming Foods of Texas, Inc. v. Rylander,* 6 S.W.3d 278, 284 (Tex.1999). Section 311.016 of the Code Construction Act provides that the term "must" creates or recognizes a condition precedent. TEX. GOV'T CODE ANN. § 311.016 (Vernon 1998). This construction of the term "must" is to be applied unless the context in which the word appears necessarily requires a different construction or unless a different construction is expressly provided by statute. *Id.* Applying this construction of "must" to section 277.002, it would appear that the requirement that the petition contain the signer's date of birth is a condition precedent to the validity of a petition signature. *See City of Sherman v. Hudman,* 996 S.W.2d 904, 918 (Tex.App.-Dallas 1999, pet. granted, judgm't vacated).

However, the appellants assert that the purpose of the petition content requirements is to enable the governing body reviewing the petition to verify the validity of a particular voter's signature. *See* TEX. TAX CODE ANN. § 26.081 (Vernon 1992). Therefore, so long as the governing body is able to verify the eligibility of the voter even absent all of the information required by section 277.002, the purpose of the verification requirement is satisfied. *See Reese v. Comm'rs' Court of Cherokee County,* 861 S.W.2d 281, 283 (Tex.App.-Tyler 1993, no writ) (noting main factor in determining what degree of deviation from the Election Code will be allowed is whether the deviation will impair the ability to verify eligibility). The Texas Supreme Court recently followed this logic, holding that signatures on a petition for a place on a ballot were not invalid because the signers omitted their city of residence from their address. *In re Bell,* 2002 WL 87074, —— S.W.3d —— (Tex. 2002).[1]

In analyzing earlier cases holding that various omissions invalidated petitions, the Texas Supreme Court noted that the earlier cases failed to "consider the alleged signature defects in relation to the objects 'sought to be attained' by the Election Code, one such object being to prevent election fraud." *In re Bell,* 2002 WL 87074, at *2, —— S.W.3d at ——. Therefore, the Texas Supreme Court considered

---

1. We note that the trial court did not have the benefit of the Texas Supreme Court's decision in reaching its ruling.

the precedential value of those cases questionable. *Id.*

The Texas Supreme Court further noted that the more recent decisions recognize that the statutory purpose of the petition requirements "is to provide a basis for verifying the voter's eligibility (*i.e.* county residency, qualified voter, etc.) to participate in a particular election." *Id.*, at *3, at ——. Those recent decisions concluded that if the verification purpose is served, petition signatures are not invalid if they omit certain information required by the Election Code. *Id.* The Texas Supreme Court reasoned that the recent decisions "apply a rationale that furthers one of the principal purposes behind the Election Code—the prevention of election fraud—and produces a 'just and reasonable result.'" *Id.* The Texas Supreme Court stated, "That rationale does not invalidate a petition signature if the signer provides enough information to allow verification of the signer's voting eligibility for a particular election." *Id.*

In this case, the petition contained the signer's signature, address, and voter registration number, which is enough information to allow verification of the signer's voting eligibility. Accordingly, the petition is not invalid. *See id.*

### CONCLUSION

Because the petition contained enough information to allow verification of the signers' voting eligibility, the petition is not invalid. The trial court's order is reversed, and the cause is remanded to the trial court for further proceedings consistent with this court's opinion.