ACCEPTED
03-15-00518-CV
7481510
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/21/2015 3:55:10 PM
JEFFREY D. KYLE
CLERK

**Case No. 03-15-00518-CV**

**IN THE THIRD COURT OF APPEALS**
**AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/21/2015 3:55:10 PM
JEFFREY D. KYLE
Clerk

*City of San Marcos, Texas,*
*Appellant*

*v.*

*Sam Brannon, Communities for Thriving Water—Fluoride-Free San Marcos,*
*Morgan Knecht, and Kathleen O'Connell,*
*Appellees*

On Appeal from the 274th Judicial District Court of Hays County, Texas
Honorable R. Bruce Boyer, Judge Presiding
Trial Court Cause Number 15-1266

**RESPONSE BRIEF OF APPELLEES**
**COMMUNITIES FOR THRIVING WATER – FLOURIDE-FREE SAN**
**MARCOS, MORGAN KNECHT, and KATHLEEN O'CONNELL**

Brad Rockwell
State Bar No. 17129600

FREDERICK, PERALES,
ALLMON & ROCKWELL, P.C.
707 Rio Grande, Suite 200
Austin, Texas 78701
Telephone (512) 469-6000
Facsimile (512) 482-9346

COUNSEL FOR
KATHLEEN O'CONNELL,
and COMMUNITIES
FOR THRIVING WATER
– FLUORIDE-FREE SAN MARCOS

October 20, 2015

Craig Young
State Bar No 00786367

108 San Antonio
San Marcos, Texas 78666
(512) 847-7809
(512) 353-1219 facsimilie
cyoung@lawyer.com

COUNSEL FOR MORGAN
KNECHT

**ORAL ARGUMENT NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

| Parties | Name & Address of counsel |
|---|---|
| Appellees  Communities for Thriving Water – Fluoride-Free San Marcos, and Kathleen O'Connell | Brad Rockwell<br>Frederick, Perales, Allmon & Rockwell, P.C.<br>707 Rio Grande, Ste. 200<br>Austin, TX 78701<br>Telephone: 512-469-6000<br>Facsimile: 512-482-9346<br><br>Brad@lf-lawfirm.com |
| Appellee Morgan Knecht | Craig Young<br>108 San Antonio<br>San Marcos, Texas 78666<br> (512) 847-7809<br>(512) 353-1219 facsimile<br>cyoung@lawyer.com |
| Appellant City of San Marcos | Michael J. Cosentino<br>City Attorney<br>630 E. Hopkins<br>San Marcos, TX 78666<br>(512) 393- 8151<br>(855) 759- 2846 facsimile<br>mcosentino@sanmarcostx.gov |
| Appellee Sam Brannon | Lynn Peach<br>174 S. Guadalupe Street, No. 101<br>(512) 393-9991<br>(888) 428-0468 facsimile<br>lynn@lynnpeachlaw.com |

# TABLE OF CONTENTS

1.  Identity of Parties and Counsel........................................................................i

2.  Table of Contents..................................................................................... ii

3.  Index of Authorities................................................................................. iii

4.  Statement of the Case ..................................................................................v

5.  Statement Regarding Oral Argument ..................................................................vi

6.  Issues Presented ................................................................................... vii

7.  Statement of Facts......................................................................................1

8.  Summary of the Argument ...........................................................................3

9.  Argument    ..............................................................................................4

    I.    THE MANDAMUS CLAIMS ARE MOOT SO THE COURT OF APPEALS HAS NO JURISDICTION OVER THIS APPEAL OF THE APPELLANT'S PLEA TO THE JURISDICTION.......................4

    II.   TRIAL COURTS HAVE CONCURRENT JURISDICTION WITH APPELLATE COURTS OVER MANDAMUS PROCEEDINGS........6

    III. MANDAMUS PROCEEDINGS MAY BE BROUGHT AGAINST THE CITY OF SAN MARCOS .........................................................6

10.  Prayer...................................................................................................9

# INDEX OF AUTHORITIES

## Cases

*Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640 (Tex. 2005) ......................................5

*Anderson v. City of Seven Points,* 806 S.W.2d 791 (Tex. 1991) ...........................6,7

*City of Austin v. Gregory*, 616 S.W.2d 329 (Tex. Civ. App.—Austin 1981, no writ) .....................................................................................................................8

*City of Corpus Christi v. Unitarian Church of Corpus Christi*, 436 S.W.2d 923 (Tex. Civ. App.—Corpus Christi 1969, writ ref'd n.r.e.) ....................................8

*City of El Paso v. Abbott*, 444 S.W.3d 315 (Tex. App.—Austin 2014, pet. denied)...............................................................................................................8

*City of San Antonio v. Routledge*, 102 S.W. 756 (Tex. Civ. App. 1907, writ ref'd) .....................................................................................................................8

*In re Woodfill*, No. 14–0667, 2015 WL 4498229 (Tex. 2015) (per curiam).........4,7

*Krohn v. Marcus Cable Associates, L.P.*, 201 S.W.3d 876 (Tex. App.—Waco 2006, pet. denied).................................................................................................5

*Labrado v. County of El Paso*, 132 S.W.3d 581 (Tex. App.—El Paso 2004, no pet.) .....................................................................................................................5

*Olenick v. City of Austin*, No. 03–14–00339–CV, 2015 WL 4077245 (Tex. App.—Austin 2015, no pet. h.)...............................................................................8

*Orr v. University of Texas at Austin*, No. 03–14–00299–CV, 2015 WL 5666200 (Tex. App.—Austin 2015, no pet. h.) ...................................................................5

*Sepulveda v. Medrano*, 323 S.W.3d 620 (Tex. App.—Dallas 2010, no pet.) ...........5

*Texas Dept. of Health v. Hejl*, 607 S.W.2d 34 (Tex. App.—Austin 1980, no writ)...................................................................................................................5

*Vondy v. Commissioners Court of Uvalde County,* 620 S.W.2d 104 (Tex. 1981)....6

## Statutes

Tex. Election Code § 3.005(c)(2) ...............................................................4

Tex. Gov't Code § 552.321...........................................................................8

Tex. Loc. Gov't Code § 9.004 ...............................................................1, 4, 9

## STATEMENT OF THE CASE

This is an interlocutory appeal from a denial of the City of San Marcos' Plea to the Jurisdiction, contesting the District Court's jurisdiction over Appellees' mandamus claims.  In the underlying lawsuit, Appellants and Appellees have cross-claims for declaratory relief and attorneys fees regarding the City's failure to put a City Charter Amendment on the November 2015 ballot after Appellees submitted a petition for the Amendment to the City of San Marcos.

# STATEMENT REGARDING ORAL ARGUMENT

Appellees do not believe oral argument is necessary as the jurisdictional issues are not novel or complex, and the facts are simple and not in dispute. If, however, the Court determines that oral argument would assist the Court in resolving the issues presented by this appeal, then, Appellees request that they be provided an opportunity to present oral argument.

# ISSUES PRESENTED

1. When the deadline for Appellant City of San Marcos to place Appellees' proposed charter amendment on the ballot has long passed, is Appellees' claim for mandamus relief moot thereby warranting dismissal of this interlocutory appeal?

2. Do trial courts have non-exclusive original jurisdiction over mandamus proceedings concerning the placement of measures on election ballots?

3. Can a writ of mandamus issue against a municipal defendant, ordering that city to place a measure on the ballot, when no individual public official is named as a defendant in the mandamus proceeding?

## STATEMENT OF FACTS

On or about April 2, 2015, Appellees submitted to the City Clerk of Appellant City of San Marcos a petition with over 1,634 signatures of San Marcos voters for a proposed amendment to the City Charter. This amount of signatures significantly exceeded the 5% of registered voters required on a city charter amendment petition. CR 61.

The Clerk did not count the number of signatures on the petition, but on May 6, announced that "none of the petition papers contains an oath or affirmation [and therefore] none of the signatures may be counted." CR 62.

On May 18 and June 16, Appellees O'Connell and Communities for Thriving Water – Fluoride-Free San Marcos sent letters to the Mayor and City Council of San Marcos asking them to place the charter amendment measure on the ballot as required by Section 9.004(a) of the Texas Local Government Code. CR 62.

On or about June 18, 2015, the City of San Marcos filed suit against Appellees seeking attorneys fees and declaratory relief that a circulator's oath was required for each signature on the petition submitted by Appellees to the City. CR 63.

On July 17, Appellees filed counterclaims for declaratory relief, attorneys fees, injunctive relief and a petition for mandamus relief. CR 20. Appellees also

1

filed a motion for summary judgment and sought and secured an expedited hearing before Hays County District Judge R. Bruce Boyer. The City filed a Plea to the Jurisdiction and presented argument to Judge Boyer at the beginning of the summary judgment hearing.

On August 12, Judge Boyer signed an Order denying Appellants' Plea to the Jurisdiction, and this Order was filed on August 13. CR 20. On August 14, Judge Boyer signed and sent to Counsel a letter ruling against the City and affirming Appellees' contention that no circulator's affidavit was required, and requiring the City to count the signatures, and if there are enough signatures, requiring the City to call an election on the charter amendment measure. Appendix A.

Rather than complying with the letter ruling of the District Court, on August 17, the City filed a notice of interlocutory appeal, suspending further action in the District Court.

Appellees and Shannon Dorn sought relief from the Texas Supreme Court by requesting an emergency writ of mandamus. Appendix B. The Texas Supreme Court denied the mandamus without an opinion of the Court. A concurring opinion by two judges did not reach the merits but suggested that Appellees (1) should have collected signatures at an earlier date to allow more time for post-submission litigation, (2) should have filed suit immediately after submission rather than giving the City Council of San Marcos an opportunity to place the measure on the

2

ballot, and (3) should have proceeded more quickly in litigation once the City filed suit. Appendix G to Appellants' brief. Two Supreme Court justices dissented. Reaching the merits, they agreed with Appellees' contention that a circulator's affidavit was not required, and they would have granted mandamus relief to Appellees. Appendix C.

Thus, every judge who considered the merits of Appellees' claims agreed with Appellees and rejected the City's reasons for refusing to count the signatures and place the measure on the ballot.

## SUMMARY OF THE ARGUMENT

The statutory deadline for the City of San Marcos to order an election on the charter amendment that was the subject of Appellees' petition was August 24, 2015. Appellees' claims for mandamus relief are moot. The City knew its appeal would soon be moot when it filed the notice of appeal, and it sought the interlocutory appeal only to deprive the trial court of jurisdiction and free itself from complying with a pending judgment of that court. Because Appellees' claims for mandamus relief are moot, the City's interlocutory appeal challenging these claims for mandamus relief should be dismissed. Appellees' claims for declaratory relief are not moot because they include a request for attorneys fees.

Alternatively, if the Court decides to consider the merits of the City's appeal, the district court's denial of the City's Plea to the Jurisdiction should be

3

affirmed because trial courts have original jurisdiction over mandamus proceedings in election disputes and because pursuant to the longstanding common law governing the right to mandamus and pursuant to statutory duties and responsibilities imposed on municipalities with regard to charter amendment petitions,  municipalities are proper defendants in such mandamus proceedings.

## ARGUMENT

I.    **THE MANDAMUS CLAIMS ARE MOOT, SO THE COURT OF APPEALS HAS NO JURISDICTION OVER THIS APPEAL OF THE APPELLANT'S PLEA TO THE JURISDICTION.**

The City's Plea to the Jurisdiction is directed solely to Appellees' claim for a writ of mandamus.  By writ of mandamus, Appellees asked for the City of San Marcos to be ordered to put the measure Appellees submitted to the City on the November 2015 election ballot. *See* Tex. Loc. Gov't Code § 9.004(b).  The statutory deadline for the City to order this election was August 24, 2015. *In re Woodfill*, 2015 WL 4498229 *6, n.11 (Tex. 2015) (citing Tex. Election Code § 3.005(c)(2)); CR 11. Because this deadline has come and gone and this very interlocutory appeal interrupted the trial court's jurisdiction over the mandamus, the mandamus claim is moot, and the Court of Appeals has no subject matter jurisdiction over this interlocutory appeal.

When a mandamus governing an election and the contents of a ballot cannot be issued in time for election officials to comply with the statutory deadlines for

conducting the general election, the mandamus claim is moot. *See Sepulveda v. Medrano*, 323 S.W.3d 620, 623-24 (Tex. App.—Dallas 2010, no pet.). When one seeks relief on a claim that can no longer have any practical legal effect, the parties lack a legally cognizable interest in the outcome. There is no case or controversy, and the court loses jurisdiction over the claim. *Orr v. University of Texas at Austin*, 2015 WL 5666200 *2 (Tex. App.—Austin 2015, no pet. h.). Accordingly, this appeal should be dismissed.

The declaratory judgment claims remaining in trial court, however, are not moot because the parties seek attorneys fees. *Compare Texas Dept. of Health v. Hejl*, 607 S.W.2d 34, 35-36 (Tex. App.—Austin 1980, no writ) (dismissing claim for injunctive relief as moot & leaving the claims on the merits, including a claim for attorneys fees pending), and *Krohn v. Marcus Cable Associates, L.P.*, 201 S.W.3d 876 (Tex. App.—Waco 2006, pet denied). A "claim for attorneys fees under the UDJA . . . prevents it from being moot when the substantive claims are mooted during the pendency of the case." *Orr*, at *4 (citing *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642-43 (Tex. 2005); *Labrado v. County of El Paso*, 132 S.W.3d 581, 589-590 (Tex. App.—El Paso 2004, no pet.).

The City of San Marcos' interlocutory appeal of the denial of its plea to the jurisdiction regarding Appellees' mandamus claims should be dismissed for lack of jurisdiction.

## II. TRIAL COURTS HAVE CONCURRENT JURISDICTION WITH APPELLATE COURTS OVER MANDAMUS PROCEEDINGS.

Alternatively, in the event that the Court determines that this appeal is not moot, Appellees contend that the Hays County trial court had original jurisdiction over Appellees' claims for mandamus relief.

The Texas Supreme Court has consistently recognized the right to bring original mandamus proceedings in district court against a governmental entity or government officials. In *Vondy v. Commissioners Court of Uvalde County*, the Supreme Court upheld the right to bring an original mandamus proceeding in district court against a County Commissioners Court. 620 S.W.2d 104, 109 (Tex. 1981). "[O]riginal mandamus jurisdiction . . . is vested in the district court." *Id.* The "performance of a clear statutory duty which is ministerial and nondiscretionary should be mandated by the district court. Even in matters involving some degree of discretion," a government entity "may not act arbitrarily." *Id.* (citations omitted).

In *Anderson v. City of Seven Points*, the Supreme Court upheld the original jurisdiction of a district court over a lawsuit where a writ of mandamus was sought against a City and its Mayor over the refusal to order an election requested by a citizen petition. 806 S.W.2d 791, 792-794 (Tex. 1991).

And as recently as July of this year, the Texas Supreme Court ruled that "a mandamus proceeding to compel public officials to put something on the ballot

6

may start in district court" and "may also originate in the appellate courts." *In re Woodfill*, 2015 WL 4498229 *6 (Tex. 2015).

For this reason, if the Court does not dismiss the City's interlocutory appeal for lack of jurisdiction, Appellees request that the District Court order denying the City's Plea to the Jurisdiction be affirmed.

## III. MANDAMUS PROCEEDINGS MAY BE BROUGHT AGAINST THE CITY OF SAN MARCOS.

In the alternative, in the event that the Court determines it has jurisdiction over the City's appeal, Appellees contend that the City was the proper Defendant in its suit for a writ of mandamus.

The City of San Marcos filed suit against Appellees asserting it was the proper party in the dispute over whether Appellees' measure should be put on the ballot and subjecting itself to the trial court's jurisdiction on that issue. Appellees filed counterclaims against the City, including a claim for a writ of mandamus. The City of San Marcos now claims that no mandamus may issue against it or any other cities to mandate compliance with the law. It claims that only individual officials can be defendants in a claim for mandamus relief.

There are many examples of Texas courts issuing writs of mandamus against cities. *See, e.g., Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991) (the "trial court granted the petition for writ of mandamus and ordered the mayor … and the city of Seven Points 'to perform all legal requirements for the

7

holding of a valid election'"); *City of Corpus Christi v. Unitarian Church of Corpus Christi*, 436 S.W.2d 923, 925 & 930 (Tex. Civ. App.—Corpus Christi 1969, writ ref'd n.r.e.) (after City Council of Corpus Christi refused to approve a plat, Court of Civil Appeals affirmed trial court's issuance of a writ of mandamus against the City of Corpus Christi); *City of Austin v. Gregory*, 616 S.W.2d 329 (Tex. Civ. App.—Austin 1981, no writ) (affirming writ of mandamus against the City of Austin based on error committed by Civil Service Commission); *City of San Antonio v. Routledge*, 102 S.W. 758, 759 & 773 (Tex. Civ. App. 1907, writ ref'd) (in case where only the City of San Antonio was municipal defendant, appellate court upheld part of mandamus against the City and reversed part of mandamus).

"Texas law authorizes mandamus relief to compel a <u>public</u> official or <u>body</u> to either perform a ministerial duty or to correct a clear abuse of discretion." *Olenick v. City of Austin*, 2015 WL 4077245 *1 (Tex. App.—Austin 2015, no pet. h.) (emphasis added). Similar language in section 552.321 the Public Information Act authorizing a suit for a writ of mandamus against "a government body" has been interpreted to authorize suits against cities. *See, e.g., City of El Paso v. Abbott*, 444 S.W.3d 315, 322 (Tex. App.—Austin 2014, pet. denied).

It is the City Council on whom the Local Government Code imposes a duty in response to Appellees' submission of a signed petition.

8

The governing body shall submit a proposed charter amendment to the voters for their approval at an election if the submission is supported by a petition signed by a number of qualified voters of the municipality equal to at least five percent of the number of qualified voters of the municipality or 20,000, whichever number is the smaller.

Tex. Loc. Gov't Code § 9.004(a). Appellees' suit for mandamus relief was properly directed to the City.

For this reason, if the Court does not dismiss the City's interlocutory appeal for lack of jurisdiction, Appellees ask that the District Court order denying the City's Plea to the Jurisdiction be affirmed.

## PRAYER

Appellees Kathleen O'Connell, Communities for Thriving Water – Fluoride-Free San Marcos, and Morgan Knecht ask the Court to dismiss as moot the City of San Marcos' interlocutory appeal of the denial of its Plea to the Jurisdiction. If the Court does not dismiss the City's interlocutory appeal for lack of jurisdiction, Appellees ask that the District Court's denial of the City's Plea to the Jurisdiction be affirmed.

Respectfully submitted,

/s/ Brad Rockwell
Brad Rockwell
SBT No. 17129600

FREDERICK, PERALES, ALLMON & ROCKWELL, P.C.

9

707 Rio Grande, Ste. 200
Austin, Texas 78701
(512) 469-6000
(512) 482-9346 (facsimile)

COUNSEL FOR APPELLEES
COMMUNITIES FOR THRIVING
WATER – FLUORIDE-FREE SAN
MARCOS, and KATHLEEN
O'CONNELL


/s/ Craig Young
Craig Young
SBT No 00786367

108 San Antonio
San Marcos, Texas 78666
(512) 847-7809
(512) 353-1219 facsimile

COUNSEL FOR MORGAN
KNECHT

## CERTIFICATE OF COMPLIANCE

I certify that this document is in compliance with Tex. R. App. P. 9.4 (e) and (i). It contains 2,054 words excluding the exempted parts of the document. The body text is in 14 point font, and the footnote text is in 12 point font.

## CERTIFICATE OF SERVICE

By my signature, below, I certify that on October 20, 2015, a true and correct copy of the foregoing document was served upon the parties below by email.

/s/ Brad Rockwell
Brad Rockwell

**FOR THE CITY OF SAN MARCOS:**

WILLIAM M. McKAMIE
941 Proton Rd.
San Antonio, Texas 78258
210.546.2122
210.546.2130 (Fax)
mick@mckamiekrueger.com

Michael J. Cosentino
San Marcos City Attorney
630 East Hopkins
San Marcos, Texas 78666
(512) 393- 8151
(855) 759- 2846 fascimile
mcosentino@sanmarcostx.gov

**FOR SAM BRANNON:**
Lynn Peach
174 S. Guadalupe Street, No. 101
(512) 393-9991
(888) 428-0468 facsimile
lynn@lynnpeachlaw.com

# APPENDIX A
## JUDGE BOYER LETTER





# R. Bruce Boyer
*Judge, 22nd Judicial District Court*
Hays County Government Center · 712 S. Stagecoach Trail, Ste. 3240 · San Marcos, Texas 78666

August 14, 2015

Mr. Michael J. Cosentino
630 E. Hopkins
San Marcos, Texas  78666

Ms. Lynn Peach
174 S. Guadalupe St.
Suite 101
San Marcos, Texas  78666

Mr. Brad Rockwell
P.O. Box 684881
Austin, Texas  78768

Mr. Craig Young
108 E. San Antonio St.
San Marcos, Texas 78666

*Re: Cause No. 15-1266; City of San Marcos, Texas v. Sam Brannon, Communities for Thriving Water-Fluoride Free San Marcos, Morgan Knecht and Kathleen O'Connell*

Counsel:

Having reviewed the pleadings, briefs, authorities and arguments submitted by counsel, the Court has reached the following opinions. In doing so the Court also takes note of the principle that the citizens' right to exercise their reserved legislative power should be liberally construed in favor of that power.

1.) Section 12.11 of the San Marcos City Charter controls the Charter amending process.

2.) Section 12.11 makes no reference incorporating other provisions or requirements found elsewhere in the Charter. It expressly states: that the Charter "...may be formed and submitted...in the manner provided by State Law. It does not provide that this is limited by or subject to other provisions of the City Charter.

3.) The amendment process is governed by Section 9.004 (d) of the Local Government Code and Section 277 of the Texas Election Code.

4.) The proposed amendment does not violate Section 9.004 (d) of the Local Government Code. Although it may include subparts, the effect is still one subject banning the introduction of fluoride and derivatives.

5.) The Court does not address the constitutionality of Charter Section 6.03 because as found herein above, the Section is not applicable to the proposed Charter amendment.

6.) Section 277.002 (b) requires the signature (s) to be in the signers own handwriting. It does not prescribe a method of verification, but would appear to require that the signatures not be photocopies or other reproductions.

7.) Section 9.004 does not expressly require that the ordinance calling an election be part of the proposed Charter amendment petition.

8.) Section 9.004 (c) requires a fiscal note be included in the Election notice, but does not require it in the proposed amendment petition.

As a consequence, the Court will require the City of San Marcos, through its appropriate official, to review the submitted petition to ascertain if it contains the original signatures of the percentage of qualified voters required by Section 9.004 (a) of the Local Government Code. The Codes do not require or prescribe a particular form of verification or affirmation, only that the signatures not be copies or reproductions.

If the petition qualifies, the City of San Marcos shall be required to follow the ministerial duty of calling for an election on the issues.

The Court does not rule on any other matter not addressed in this correspondence.

Counsel for Defendants shall draft and circulate appropriate order.

Sincerely,

R. Bruce Boyer
22nd District Judge

# APPENDIX B
## EMERGENCY PETITION FOR WRIT OF MANDAMUS

No. _____

# IN THE SUPREME COURT
# OF THE STATE OF TEXAS

_____

## *In re Shannon Dorn et al.*

_____

Original Proceeding pursuant to Election Code § 273.061

_____

## EMERGENCY PETITION FOR WRIT OF MANDAMUS
## OF SHANNON DORN, KATHLEEN O'CONNELL,
## COMMUNITIES FOR THRIVING WATERS – FLOURIDE-FREE SAN
## MARCOS, AND MORGAN KNECHT

_____

EXPEDITED CONSIDERATION REQUESTED

Brad Rockwell
State Bar No. 17129600

FREDERICK, PERALES,
ALLMON & ROCKWELL, P.C.
707 Rio Grande, Suite 200
Austin, Texas 78701
Telephone (512) 469-6000
Facsimile (512) 482-9346

ATTORNEYS FOR RELATORS
SHANNON DORN, KATHLEEN
O'CONNELL, and COMMUNITIES
FOR THRIVING WATERS –
FLUORIDE-FREE SAN MARCOS.

i

Craig Young
State Bar No 00786367

108 San Antonio
San Marcos, Texas 78666
(512) 847-7809
(512) 353-1219 facsimile
cyoung@lawyer.com

ATTORNEY FOR MORGAN
KNECHT

August 20, 2015

## IDENTITY OF PARTIES AND COUNSEL

| Parties | Name & Address of counsel |
| --- | --- |
| Relators Shannon Dorn, Communities for Thriving Waters – Fluoride-Free San Marcos, and Kathleen O'Connell. | Brad Rockwell<br>Frederick, Perales, Allmon & Rockwell, P.C.<br>707 Rio Grande, Ste. 200<br>Austin, TX 78701<br>Telephone: 512-469-6000<br>Facsimile: 512-482-9346<br><br>Brad@lf-lawfirm.com |
| Relator Morgan Knecht | Craig Young<br>108 San Antonio<br>San Marcos, Texas 78666<br> (512) 847-7809<br>(512) 353-1219 facsimile<br>cyoung@lawyer.com |
| Respondent Mayor Daniel Guerrero | Michael J. Cosentino<br>City Attorney<br>City of San Marcos<br>630 E. Hopkins<br>San Marcos, TX 78666<br>(512) 393- 8151<br>(855) 759- 2846 facsimile<br>mcosentino@sanmarcostx.gov |
| Respondents Lisa Prewitt, Jude Prather, John Thomaides, Jane Hughson, Ryan Thomason, and Shane Scott | Michael J. Cosentino<br>City Attorney<br>City of San Marcos<br>630 E. Hopkins<br>San Marcos, TX 78666<br>(512) 393- 8151<br>(855) 759- 2846 facsimile<br>mcosentino@sanmarcostx.gov |
| Respondent City Clerk Jamie Lee Pettijohn | Michael J. Cosentino<br>City Attorney<br>City of San Marcos |

| | 630 E. Hopkins<br>San Marcos, TX 78666<br>(512) 393- 8151<br>(855) 759- 2846 facsimile<br>mcosentino@sanmarcostx.gov |
|---|---|

# TABLE OF CONTENTS

1. Table of Contents.................................................................................. v

2. Index of Authorities.......................................................................... vi

3. Statement of the Case ................................................................... viii

4. Statement of Jurisdiction .................................................................. x

5. Issues Presented ................................................................................. x

6. Statement of Facts............................................................................. 2

7. Argument .......................................................................................... 5

    I.    Mandamus...................................................................... 5

    II.    The San Marcos City Charter Does Not Require an Oath or Affirmation in Charter Amendment Petitions............................. 6

    III.  Other Requirements of State Law Have Been Met by Relators. 11

    IV.  A Circulator's Oath Would be Unconstitutional as Applied Here……………… ................................................................... 11

8. Prayer ............................................................................................. 12

9. Certification ................................................................................... 13

# INDEX OF AUTHORITIES

## Cases

*In re Bell*, 91 S.W.3rd 784 (Tex. 2002) ............................................................. 10

*Blume v. Lanier*, 997 S.W.2d 259, 262 (Tex. 1999)......................................... 10

*Coalson v. City Council of Victoria*, 610 S.W.2d 744, 747 (Tex. 1980) ...... 9, 11

*Cook v. Tom Brown Ministries*, 385 S.W.3d 592, 608 (Tex. App. – El Paso 2012, pet. denied)................................................................................................ 11

*Edwards v. Murphy*, 256 S.W.2d 470 475 (Tex. Civ. App. – Fort Worth 1953, writ dism'd ) ....................................................................................................6

*In re Gamble*, 71 SW.3d 313, 318 (Tex. 2002); ................................................ 10

*Green v. City of Lubbock*, 627 S.w.2d 868, 871 (Tex. App. – Amarillo 1982, writ ref'd n.r.e.) .............................................................................................. 12

*Pilcher v. Rains*, 853 F.2d 334, 337 (5th Cir. 1988).......................................... 12

*Quick v. City of Austin*, 7 S.W.3d 109, 124 (Tex. 1998) ............................... 9, 11

*Withers v. Commissioners Court of Bandera County*, 75 S.W.3d 528, 530-531 (Tex. App. – San Antonio 2002, orig. proceeding) .........................................9

*In re Woodfill*, 2015 WL 4498229 (Supreme Court July 24, 2015)......................x


## Statutes

ELECTION CODE § 3.005(c)(2) ......................................................... viii, xi, 4

ELECTION CODE § 273.061……………………………………………..viii, x, 5

ELECTION CODE § 273.081……………………………………………viii, x, 6, 10

ELECTION CODE § 277.002…………………………………………….x, 3, 7

ELECTION CODE § 277.021……………………………………………….3

LOCAL GOVERNMENT CODE § 9.004 ........................ x, 3, 4, 6, 7, 10, 11, 12

**Constitutions**

TEXAS BILL OF RIGHTS §§ 2, 8, & 27 ........................................................ 12

UNITED STATES CONSTITUTION First Amendment ............................... 12

**Other**

SAN MARCOS CITY CHARTER § 6.01…………………………………7, 8

SAN MARCOS CITY CHARTER § 6.02 …………………………………...9

SAN MARCOS CITY CHARTER § 6.03 ……………..……..3, 5, 8, 9, 11, 12

SAN MARCOS CITY CHARTER § 12.11.................................. x, 5, 7, 8, 9, 11

# STATEMENT OF THE CASE

By this petition for writ of mandamus, Relators Shannon Dorn, Communities for Thriving Waters – Fluoride-Free San Marcos ("Communities"), Kathleen O'Connell, and Morgan Knecht seek an order pursuant to Election Code sections 273.061 and 273.081 and Local Government Code section 9.004(a) & (b) to compel Respondents (City of San Marcos, San Marcos City Clerk Jamie Lee Pettijohn, San Marcos Mayor Daniel Guerrero, and San Marcos City Council members Lisa Prewitt, Jude Prather, John Thomaides, Jane Hughson, Ryan Thomas, and Shane Scott ) to order an election placing Relators' City Charter Amendment measure on the November 3, 2015 ballot. Pursuant to Election Code section 3.005(c)(2), the order for this election must occur on or before August 24, 2015. In addition, Relators seek an order compelling San Marcos City Clerk Jamie Lee Pettijohn, the San Marcos City Clerk, to review the petition submitted by Relators and certify that the requisite number of signatures have been submitted for the petition for the City Charter Amendment.

This mandamus petition is related to another lawsuit filed by the City of San Marcos seeking declaratory relief and attorneys fees against Relators Communities, O'Connell, and Knecht: *City of San Marcos v. Sam Brannon et al.,* Cause No. 15-1266 in the 22nd Judicial District Court in Hays County. Those Relators who were defendants in that lawsuit counterclaimed for mandamus,

declaratory, and injunctive relief, seeking identical and nearly identical relief to what is sought here.   On an expedited hearing on summary judgment, District Judge Bruce Boyer ruled in favor of Counterclaimants/Defendants who included all but one of the Relators here, ordering

> the City of San Marcos, through its appropriate official, to review the submitted petition to ascertain if it contains the original signatures of the percentage of qualified voters required by Section 9.004(a) of the Local Government Code.  The Codes do not require or prescribe a particular form of verification or affirmation, only that the signatures not be copies or reproductions.

> If the petition qualifies, the City of San Marcos shall be required to follow the ministerial duty of calling for an election on the issues.

Exhibit 1 to Record.  The District Court also denied San Marcos' Plea to the Jurisdiction.[1]   San Marcos then immediately filed an interlocutory appeal which stayed all proceedings in the District Court.[2]

The District Court stay invoked by the City of San Marcos will prevent Relators from securing the relief they are entitled to under the District Court's ruling and under the law.  Relator's here seek a writ of mandamus issued against Respondent City of San Marcos, Respondent Jamie Lee Pettijohn, and Respondents Mayor and City Council members of San Marcos so that relief can be granted in a manner timely enough for an election on the measure to be held on November 3, 2015.

---

[1]  Exhibit 2 to Record.
[2]  Exhibit 3 to Record.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to grant the requested relief under the Texas Election Code sections 273.081 and 273.061.  Section 273.061 provides: "The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer."

Relators complain of the actions of the City of San Marcos, the City Clerk and the City Council of San Marcos, from which there is no timely remedy by appeal.  *In re Woodfill*, 2015 WL 4498229 (Supreme Court July 24, 2015).

Because of this same urgency and deadline, Relators have a compelling reason to submit this petition to the Supreme Court to secure finality now rather than first going to the Austin Court of Appeals for mandamus relief.

## ISSUES PRESENTED

1.  Does the Mayor and City Council members have a duty pursuant to Local Government Code section 9.004(a) to submit Relators' proposed charter amendment to the voters for their approval at an election on November 3, 2015?

2. Pursuant to Local Government Code section 9.004, San Marcos City Charter section 12.11, and Election Code section 277.002, does the City of San Marcos and in particular its Respondents City Clerk Pettijohn and/or Mayor and City Council members, have a duty to consider signatures valid even though they are not accompanied by a circulator's oath and to count the number of qualified voters who have signed Relators' petition for a charter amendment to determine whether these qualified voters equal at least five percent of the number of qualified voters of the municipality?

3. And as a possible alternative issue, is it appropriate in this instance for the Supreme Court to override the deadline in Election Code section 3.005(c)(2) for ordering an election on Relators' charter amendment, and compel Respondents' to call a November 3, 2015 election on Relators' ballot measure after August 24, 2015?

TO THE HONORABLE JUSTICES OF THE TEXAS SUPREME COURT

Relators who submitted and/or signed a petition for an amendment to the Charter for the City of San Marcos containing more than 50% more valid signatures than necessary to trigger a duty on the part of Relators to call an election on November 3, 2015 for the matter. Relators, however, have failed and refused to put the measure on the ballot. Relators sought emergency relief in Hays County District Court and the court issued a ruling ordering Respondent City of San Marcos to count the number of valid signatures on the petition and order an election on the measure if the number of signatures is sufficient. The District Court specifically rejected all of the arguments advanced by Respondent City of San Marcos as to why the signatures were invalid. Respondent City of San Marcos initiated an interlocutory appeal of the District Court's ruling on jurisdiction thereby staying the District Court proceedings.

For the reasons given below, Relators ask that the Texas Supreme Court uphold and protect their rights to a City Charter amendment election provided by the Texas Constitution, the San Marcos City Charter and the laws of Texas in the same manner those rights were recognized by the Hays County District Court and grant Relators a remedy that the District Court was stymied to provide due to procedural maneuvers of Respondents.

.

1

## STATEMENT OF FACTS

On April 2, 2015, Relators Communities for Thriving Water—Fluoride Free San Marcos ("Communities"), Kathleen O'Connell, and Morgan Knecht submitted to Respondent Pettijohn, City Clerk of the City of San Marcos, a petition signed by about 2000 people including Relator, Shannon Dorn, who is a resident of San Marcos and a qualified voter.[3]  The petition sought an election on the amendment of the San Marcos City Charter to prevent the fluoridation of the City of San Marcos water supply.  The Petition was titled a "PETITION to BAN FLOURIDATION in CITY OF SAN MARCOS WATER."  The Charter language proposed by the Petition reads:

> The City of San Marcos … shall not fluoridate the public water supply or accept any fluoridated water for use in the San Marcos water system, including but not limited to the addition of Hydrofluorosilicic Acid, Hexafluorosilicic Acid, Sodium Silicofluoride, or any other fluoride derivative.  The City of San Marcos shall not purchase, install, or allow the installation of fluoridation equipment to be used in relation to the San Marcos municipal water supply or its distribution system.[4]

Before submitting the petition, Relators conducted three verifications of the signatures using voter registration lists of San Marcos, and determined that at least 1634 of the signatures on this petition were valid – i.e. of registered San Marcos

---

[3] Exhibit 4 to Record & exhibit B to Exhibit 4.
[4] *Id.*

voters.[5] Respondent Pettijohn informed Relators that the requisite number of signatures required under Local Government Code section 9.004(a) was 1090.[6]

After delivering the petitions, Respondent Jamie Lee Pettijohn as City Clerk refused to count or verify any of the signatures on the petition because none of the signatures contained an oath or affirmation that "the statements were true, that each signature … is the genuine signature of the person whose name purports to be signed thereto, and that such signatures were placed thereon in the person's presence" – all requirements for petitions for ordinances and referenda on City Council legislation found in section 6.03 of the San Marcos City Charter.[7] Respondents Communities and O'Connell made demand on the City to count the number of signatures by qualified voters pursuant to Local Government Code section 9.004(a) and Election Code sections 277.021 and 277.002 and place the measure on the ballot.[8] In response, the City of San Marcos filed suit against Relators O'Connell, Communities, and Morgan seeking declaratory relief and attorneys fees against them.[9]

Relators Communities, O'Connell, and Morgan filed counterclaims seeking declaratory, mandamus, and injunctive relief asking for a declaration that no

---

[5] Exhibit 4 to Record & Exhibit C to Exhibit 4.
[6] Exhibit 4 to Record and Exhibit B to Exhibit 4.
[7] Exhibit 18 to Record and Exhibit A to Exhibit 14.
[8] Exhibit 4 to Record and Exhibit F and G to Exhibit 4.
[9] Exhibit 10 to Record.

verification or oath was required and asking that the City be ordered to put the measure on the November 3, 2015 ballot. *See* Tex. Loc. Gov't Code § 9.004(a) & (b).[10]

Election Code section 3.005(c)(2) establishes a deadline of August 24, 2015 for the City to order an election for November 3, 2015, if one is to occur. Yet after filing its lawsuit, the City did nothing to resolve its claims in a timely manner. Relators, however, filed a Motion for Summary Judgment requesting a hearing on an expedited schedule.[11] The expedited hearing was granted and the District Court also heard the City of San Marcos' Plea to the Jurisdiction.

The District Court issued a letter ruling on August 14, granting relief to Relators and rejecting the arguments made by the City of San Marcos.[12] The District Court also denied the City's Plea to the Jurisdiction.[13] By August 15, the City had filed a notice of appeal, thereby staying all proceedings in the district court.[14] The Court of Appeals sent notice on August 18 that the City would have until August 28 to make arrangements for the Record and pay the filing fee.[15] This would be four days past the deadline for the City to comply with the Election Code and afford Relators the rights they are entitled to under the law. By filing the

---

[10] Exhibit 11 to Record.
[11] Exhibit 13 to Record.
[12] Exhibit 1 to Record.
[13] Exhibit 2 to Record.
[14] Exhibit 3 to Record.
[15] Exhibit 17 to Record.

4

notice of interlocutory appeal, the City has deprived Relators of the possibility of getting the relief granted them by the trial court and to which they are entitled.

On August 18, the City Council set elections on City Charter amendments for November 3, 2015. On the ballot on these elections was not the anti-fluoride measure contained in Relators' petition and which the District Court had ordered to be on the ballot. What the City put on the ballot was its own loophole-filled fluoride measure and an amendment to the City Charter that would alter the charter amendment process.[16] The City Council seeks to amend the City Charter amendment section of the charter, section 12.11, and add a provision that makes the circulator's oath requirements of section 6.03 applicable to future petitions to amend the city charter. This act was all but an admission that Relators' interpretation and understanding of section 12.11 and 6.03 of the existing Charter is correct.

## ARGUMENT

### I.   Mandamus

This is an original proceeding under section 273.061 of the Election Code which authorizes the Supreme Court to issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election. Relators submitted a petition with more than 1634 valid signatures of

---

[16] Exhibit 18 to the Record and exhibit B to Exhibit 18.

5

people registered to vote in San Marcos.[17] Five percent of the number of San Marcos citizens registered to vote on April 2, 2015 is 1090.[18] The City has refused to call an election on the measure requested by the petition as required by section 9.004 of the Local Government Code and instead filed suit in District Court.[19] Relators seek to compel the holding of the election on November 3, 2015 as required by law.

Time constraints and the City's filing of an interlocutory notice of appeal renders inadequate any remedy at law. As an auxiliary remedy, Relators invoke Texas Election Code section 271.083.

## II. The San Marcos City Charter Does Not Require an Oath or Affirmation in Charter Amendment Petitions.

When the voters of a city take action to amend their charters, this is the "exercise by the people of a power reserved to them, and not the exercise of a right granted." *Coalson v. City Council of Victoria*, 610 S.W.2d 744, 747 (Tex. 1980). In "order to protect the people of the city in the exercise of this reserved legislative power, such charter provisions should be liberally construed in favor of the power reserved." *Id. Accord Quick v. City of Austin*, 7 S.W.3d 109, 124 (Tex. 1998); *Edwards v. Murphy*, 256 S.W.2d 470 475 (Tex. Civ. App. – Fort Worth 1953, writ dism'd ).

---

[17] Exhibit 4 to Record.
[18] Exhibit 4 to Record and Exhibit E to Exhibit 5.
[19] Exhibit 10 to Record.

Only one section of the City Charter defines the Charter Amendment process. Section 12.11 is titled "Amending the Charter."[20] It says simply that "Amendments to the Charter may be framed and submitted to the voters of the city in the manner provided by state law." There is no reference to other sections of the Charter and no indication that other sections of the charter relate to Charter Amendments. The only relevant provisions are to be found in state law.

Section 9.004(a) of the State Local Government Code requires the "governing body to submit a proposed charter amendment to the voters for their approval at an election if the submission is supported by a petition signed by a number of qualified voters of the municipality equal to at least five percent of the number of qualified voters of the municipality…." This state law regarding charter amendments is in contrast to the San Marcos Charter provisions regarding ordinances by citizen initiatives, which require petitions for ordinances to be "signed by at least ten per cent of the qualified voters of the city." Sec. 6.01.

The state law provision regarding validity of petition signatures is section 277.002 of the Election Code. This section enumerates specific requirements for a petition signature to be valid. It must be accompanied by the signers printed name, the signer's date of birth or voter registration number, the

---

[20] Exhibit 7 to Record.

7

signer's residential address, and the date of signing. No other specific requirement is enumerated. No circulator's affidavit is required.

The City of San Marcos has never claimed that Relators failed to meet these requirements laid out in state law. San Marcos and Relator Pettijohn instead have contended that the petition signatures are invalid because they are not accompanied by a circulators' affidavit.[21] Specifically, San Marcos claims that section 6.03 of the City Charter governs the City Charter Amendment process (among other things) and this section requires an oath or affirmation that "the statements were true, that each signature … is the genuine signature of the person whose name purports to be signed thereto, and that such signatures were placed thereon in the person's presence."

This of course is not a requirement found in state law which the Charter Amendment section of the City Charter, section 12.11, said defines the process and requirements involved in a Charter amendment. This is a requirement that Relator Pettijohn and the City of San Marcos pulled out of section Article VI of the City Charter.

Article VI does not reference charter amendments at all but instead is titled "Initiative, Referendum and Recall." Each of these terms is defined within Article VI. Section 6.01 is titled: "Power of initiative" and 6.01 defines "initiative" to be

---

[21] Exhibit 10 to Record.

the power to "propose any ordinance or repeal any ordinance not in conflict with this Charter." Thus, as the term "initiative" is used in the Charter it does not have to do with a charter amendment but rather an ordinance that complies with the pre-existing Charter. Section 6.02 is titled "Power of referendum." Referendum is defined narrowly as the "power to approve or reject at the polls any legislation enacted by the council." Referendum petitions are said to require a petition signed by at least ten per cent of the qualified voters. This is in contrast to the state law governing Charter Amendments, which only require signatures of 5% of the voters.

Section 6.03 of the "Initiative, Referendum and Recall" Article of the Charter expressly refers to "Initiative petition papers" and "Referendum petition papers," just as one would expect. It is in this paragraph that the requirement of a circulator's oath is found and it is this paragraph which San Marcos contends governs the City Charter Amendment process. There is no reference to City Charter amendments in section 6.03 or anywhere else in Article VI. The one section of the City Charter that lays out the requirements for City Charter amendments, section 12.11, makes no reference to section 6.03, but only to the requirements of state law.

An interpretation that would impose Charter section 6.03 circulator's oath requirements on a petition for a Charter Amendment (when no such requirement is found under state law) would violate common sense rules of construction. *Cf. In*

9

*re Bell*, 91 S.W.3rd 784 (Tex. 2002); *Withers v. Commissioners Court of Bandera County*, 75 S.W.3d 528, 530-531  (Tex. App. – San Antonio 2002, orig. proceeding) .  It would also contravene the rule that Charter provisions are to be construed liberally in favor of the right and power of citizens to amend their own city charters.  *Coalson*, 610 S.W.2d at 747; *Quick*, 7 S.W.3d at 124.

Respondents as a whole violated their duties under the City Charter and section 9.004(a) and (b) of the Local Government Code, when they failed and refused to count the signatures on the petition submitted to it by Relators and when it failed and refused to  place the anti-fluoridation charter amendment proposed by Relators on the ballot for the November 3, 2015 election.  Relators ask for a mandamus consistent with the ruling of the District Court requiring Respondents to count the signatures and place their proposed charter amendment on the November 3, 2015 election ballot.  .  "When the requisite number of qualified signatures sign such a petition, the municipal authority must put the measure to a popular vote." *Blume v. Lanier*, 997 S.W.2d 259, 262 (Tex. 1999).

In the alternative and only if necessary, Relators ask the Court to grant modest relief from the August 24 statutory guideline and extend the deadline for the City Council to order an election with Relators' measure on the ballot.  Texas Election Code § 273.081;  *see In re Gamble*, 71 SW.3d 313, 318  (Tex. 2002);

10

*Cook v. Tom Brown Ministries*, 385 S.W.3d 592, 608 (Tex. App. – El Paso 2012, pet. denied).

## III.  Other Requirements of State Law Have Been Met by Relators.

As the District Court ruled, the proposed Charter Amendment addresses one subject, the fluoridation of San Marcos' public water supply.  Thus it satisfied Local Government Code section 9.004(d).

As the District Court ruled, there is no requirement that the ordinance calling the election must be included within the charter amendment petition.  The enactment of an ordinance setting the election is a duty of Respondents, not Relators.

And as the District Court ruled, it is Respondents who have the duty to include a fiscal note in the Charter Amendment election notice, and there is no requirement that it be in the charter amendment petition.

## IV. A Circulators' Oath Would Be Unconstitutional as Applied Here.

Even if it were possible to construe the obligation for a circulator's oath found in section 6.03 to be a requirement added to section 12.11 delineation of the Charter Amendment process, and Relators contend it is not possible, such a construction as applied to Relators would be unconstitutional.   Relators initially followed Respondents' misleading legal advice with respect to the requirement of the circulator's oath and in two previous petition drives failed to collect enough

11

signatures. The circulator's oath therefore imposed a significant burden on Relators' constitutional rights under sections 2, 8 and 27 of the Texas Bill of Rights and the First Amendment to the United States Constitution. This burden is not overcome by any showing of necessity in this circumstance and so is unconstitutional. *See Pilcher v. Rains*, 853 F.2d 334, 337 (5th Cir. 1988); *Green v. City of Lubbock*, 627 S.w.2d 868, 871 (Tex. App. – Amarillo 1982, writ ref'd n.r.e.) ("All political power is inherent in the people.").

## PRAYER

For the reasons described above, Relators respectfully ask the Court to issue a writ of mandamus against Respondent City of San Marcos, Respondent Jamie Lee Pettijohn who is City Clerk for San Marcos, and Respondents Mayor and City Council members of San Marcos, requiring them by August 24, 2015 (or by some other date chosen by the Court that would provide sufficient time for the November 3, 2015 election): to review the submitted petition to ascertain whether it contains the original signatures of the percentage of qualified voters required by section 9.004(a) of the Local Government Code without concern as to whether there is compliance with section 6.03 of the City Charter; and issue an ordinance setting an election on November 3, 2015 on the measure set forth in the petition. Relators additionally seek any other relief to which they may be entitled including but not limited to injunctive relief that would extend the August 24, 2015 deadline.

12

Respectfully submitted,


/s/ Brad Rockwell
Brad Rockwell
SBT No. 17129600

LOWERRE, FREDERICK,
PERALES, ALLMON &
ROCKWELL
707 Rio Grande., Ste. 200
Austin, Texas 78701
(512) 469-6000 / 482-9346
(facsimile)

COUNSEL FOR RELATORS
SHANNON DORN,
COMMUNITIES FOR THRIVING
WATERS – FLUORIDE-FREE SAN
MARCOS, and KATHLEEN
O'CONNELL.

Craig Young
SBT No 00786367

108 San Antonio
San Marcos, Texas 78666
(512) 847-7809
(512) 353-1219 facsimile

ATTORNEY FOR MORGAN
KNECHT

13

## CERTIFICATION

By my signature, below, I certify that I have reviewed this petition for writ of mandamus and concluded that every factual statement in this petition is supported by competent evidence included in the appendix or record.


 /s/Brad Rockwell 
Brad Rockwell

**CERTIFICATE OF SERVICE**

By my signature, below, I certify that on August 20, 2015, a true and correct copy of the foregoing document was served upon the parties below by hand delivery.

/s/ Brad Rockwell
Brad Rockwell

**FOR THE CITY OF SAN MARCOS:**
Michael J. Cosentino
San Marcos City Attorney
630 East Hopkins
San Marcos, Texas 78666
(512) 393- 8151
(855) 759- 2846 fascimile
mcosentino@sanmarcostx.gov

**FOR MORGAN KNECHT:**
Craig Young
108 San Antonio
San Marcos, Texas 78666
(512) 847-7809
(512) 353-1219 facsimile

# APPENDIX C
## SUPREME COURT DENIAL ON PETITION FOR WRIT OF MANDAMUS

# IN THE SUPREME COURT OF TEXAS

══════════

No. 15-0632

══════════

IN RE SHANNON DORN ET AL., RELATORS

═══════════════════════════════════════════════════

ON PETITION FOR WRIT OF MANDAMUS

═══════════════════════════════════════════════════

JUSTICE DEVINE, joined by JUSTICE LEHRMANN, dissenting from the denial of the petition for writ of mandamus.

I would have granted the writ of mandamus. The City of San Marcos disregarded its own laws regarding charter amendments, ignoring the legislative prerogative of the people through citizen-initiated petitions. This is a power protected by our laws,[1] our precedent,[2] and the City's own Charter.[3] Here, the City Clerk of San Marcos refused to review the signatures on a petition calling for a charter amendment. The Clerk reasoned that the petition was invalid because the signatures were not accompanied by any oath or affirmation confirming their authenticity. Because neither the City Charter nor Texas law imposes this requirement, I believe the City Clerk should have been directed to review the signatures on the petition.

---

[1] *See* TEX. ELEC. CODE § 277.001–.004.

[2] *See, e.g., In re Woodfill*, __ S.W.3d __, __, 2015 WL 4498229, at *1 (Tex. 2015) (per curiam).

[3] *See* San Marcos, Charter, art. XII, § 11 ("Amendments to this Charter may be framed and submitted to the voters of the city in the manner provided by state law.").

The City claims the petition does not satisfy section 6.03 of the City's Charter. This section, however, pertains exclusively to petitions regarding *ordinances*:

> Initiative petition papers shall contain the full text of the proposed legislation in the form of an *ordinance*, including a descriptive caption. Referendum petition papers shall contain a sufficient description of the *ordinance* sought to be referred to identify it, or if the *ordinance* has been passed by the council, the full text of the *ordinance* sought to be referred shall be included in such papers. Before signatures on any petition paper may be counted, one of the signers of such petition paper, a qualified voter, shall make oath or affirmation before the city clerk or any other officer competent to administer oaths or affirmations, that the statements made therein are true, that each signature to the paper appended is the genuine signature of the person whose name purports to be signed thereto, and that such signatures were placed thereon in that person's presence.

San Marcos, Charter, art. VI, § 3 (emphasis added). Any requirement that signatures on petitions be verified applies only to citizen-initiated legislation on ordinances. Indeed, the Charter does not contemplate these provisions applying to anything else. Just one example: under the Charter, if an initiative petition calls for the adoption of the ordinance, the City may choose between passing the ordinance itself or submitting it to a vote. *Id.* art. VI, § 4(a). If a referendum petition calls for the repeal of an ordinance, the City may either repeal the ordinance itself, or call an election. *Id.* art. VI, § 4(b). But because charter amendments *always* require an election—the City cannot amend the charter on its own—this section obviously does not apply to charter amendments. TEX. ELEC. CODE § 9.004; San Marcos, Charter, art. XII, § 11.

When it comes to Charter amendments, the Charter relies solely on state law to define the proper procedure: "Amendments to this Charter may be framed and submitted to the voters of the city in the manner provided by state law." San Marcos, Charter, art. XII, § 11. State law, however, does not require the verification the City Clerk demands. "The governing body shall submit a

2

proposed charter amendment to the voters for their approval at an election if the submission is supported by a petition signed by a number of qualified voters of the municipality equal to at least five percent of the number of qualified voters of the municipality . . . ." TEX. LOC. GOV'T CODE § 9.004(a). The Election Code, in turn, specifies the requirements "[f]or a petition signature to be valid." TEX. ELEC. CODE § 277.002. The verification requirement the City argues for is not one of the statutorily-imposed requirements.

In other words, state law does not impose these verification requirements, and the City Charter relies solely on state law for the charter-amendment process. No literal reading of the Charter allows the criteria of section 6.03 to be applied to charter amendments. Indeed, mere months ago, the Court recognized a distinction exists between city charter requirements for citizen-initiated charter amendments as opposed to ordinances. *See Dacus v. Parker*, __ S.W.3d __, __, 2015 WL 3653295, at *6 (Tex. 2015) ("[A]lthough the Houston charter provides no means for amending the charter, the Texas Local Government Code does.").

The Court has long held that laws regarding citizen-initiated legislation "should be liberally construed in favor of the power reserved" to the people. *In re Woodfill*, __ S.W.3d at __, 2015 WL 4498229, at *6 (quoting *Taxpayers' Ass'n of Harris Cnty. v. City of Houston*, 105 S.W.2d 655, 657 (Tex. 1937)). This case is no different. Moreover, the Election Code disfavors local technicalities that hamper the people's right to amend their charter: "Any requirements for the validity or verification of petition signatures in addition to those prescribed by this chapter that are prescribed by a home-rule city charter provision or a city ordinance are effective only if the charter provision or ordinance was in effect September 1, 1985." TEX. ELEC. CODE § 277.004. Simply put, the City

3

cannot amend its charter to impose the requirements the City Clerk demands, let alone impose them here.

Though the deadline for ordering elections passed, *see* TEX. ELEC. CODE § 3.005(c); *In re Woodfill*, __ S.W.3d at __ n.11, 2015 WL 4498229, at \*5 n.11, the people of San Marcos were not without a remedy. The City should not be able to avoid its duty under the Charter—indeed, under Texas law—merely because it failed to timely order the election. If, as the Election Code states, "[f]ailure to order a general election does not affect the validity of the election," TEX. ELEC. CODE § 3.007, then neither should a late order in this case.

Here, a district court determined the City Clerk must review the petition signatures and perform her ministerial duty. Rather than comply, the City initiated an interlocutory appeal, assuring that the deadline would pass before relief could be obtained. I would not permit a city to use a directory deadline in the Election Code in this manner to either avoid a ministerial duty or thwart the will of the people. When the Texas Election Code and Local Government Code, as well as the City's own Charter, require the City to act, the City may not hide behind the statutory deadline. Indeed, "[t]he right to vote is so fundamental in our form of government that it should be as zealously safeguarded as are our natural rights," and election statutes must be interpreted "in favor of that right." *Thomas v. Groebl*, 212 S.W.2d 625, 630 (Tex. 1948). In *Woodfill*, we required a city to comply with its duties before the deadline, *see In re Woodfill*, __ S.W.3d at __, 2015 WL 4498229, at \*1, and I would have required compliance here as well.

Though the deadline does not remove a remedy, it does foreclose any adequate remedy by appeal. *See In re Williams*, __ S.W.3d __, at __, 2015 WL 4931372, at \*3 (Tex. 2015) (per curiam);

4

*In re Woodfill*, __ S.W.3d at __ , 2015 WL 4498229, at *6.  Because we did not act, the voters were denied any timely relief.

As we have held before, a City's "refusal to submit the proposed amendment[] to the vote of the people thwarts not only the legislative mandate" of the Local Government Code, but also "the will of the public."  *Coalson v. City Council of Victoria*, 610 S.W.2d 744, 747 (Tex. 1980).  This case is no different.  I would have granted the petition for mandamus relief and directed the City Clerk to count the signatures.  Accordingly, I respectfully dissent from the denial of the petition for writ of mandamus.

_____
John P. Devine
Justice

Opinion Delivered: September 4, 2015

5